## 24463. WOOD v. THE STATE.

122

Submitted February 13, 1968—Decided March 7, 1968.

*Charles R. Smith,* for appellant.

*Lewis R. Slaton, Solicitor General, William E. Spence, Hinson McAuliffe, Frank A. Bowers,* for appellee.

MOBLEY, Justice. The defendant was tried in the Criminal Court of Fulton County for violating *Code* § 26-6502, in that he "did keep, maintain, and operate a lottery, known as the number game, for the hazarding of money," and was convicted and sentenced. A petition for certiorari to the Superior Court of Fulton County was filed, and writ of certiorari issued. On consideration of the record, the judge of the superior court denied the petition for certiorari, and refused to grant a new trial. From this judgment the defendant appealed, enumerating as error: (1) the denial of his petition for certiorari on the ground that the ruling was contrary to law; (2) the denial of his motion to suppress certain evidence; and (3) the holding that Section 9 of Ga. L. 1966, pp. 567, 570 (*Code Ann.* § 27-309) is constitutional.

■ The motion to suppress sought to suppress as evidence purported lottery paraphernalia seized from Margaret Wood on a stated date and at a stated time, when the automobile which the defendant was driving, and in which Margaret Wood was a passenger, was stopped and the material was seized from the person of Margaret Wood under a search warrant.

■ It has been argued by counsel for the State that the defendant is not a person aggrieved by the search and seizure of the lottery paraphernalia from Margaret Wood, because on the trial he disclaimed any right of possession of the papers seized. In Jones v. United States, 362 U. S. 257, 261 (80 SC 725, 4 LE2d 697, 78 ALR2d 233), it was held: "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against

whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." The evidence which the defendant seeks to suppress was obtained during the execution of a search warrant authorizing the search of his person and automobile, and he would be a person aggrieved by the search, if it should be held to be unlawful.

It was asserted in the motion to suppress that the search and seizure under the warrant were illegal because Section 9 of Ga. L. 1966, pp. 567, 570 (*Code Ann.* § 27-309) is void and in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States (*Code* §§ 1-804, 1-815), in that such section authorizes a search of the persons of citizens of the United States and of the State of Georgia without probable cause and without particularly describing the person to be searched or the articles to be seized.

*Code Ann.* § 27-309 provides: "In the execution of the warrant the person executing the same may reasonably detain or search any person in the place at the time: (a) To protect himself from attack, or (b) To prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant."

The Fourth Amendment of the Constitution of the United States guarantees: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The section of the 1966 Act attacked by the motion to suppress deals only with the execution of the warrant, and does not purport to deal with the necessary elements of probable cause and particularity in the description of the persons to be searched and the articles to be seized. In Section 3 of the Act (*Code Ann.* § 27-303) it is provided that search warrants may be issued on the written complaint of an officer charged with the duty of enforcing the criminal laws, under oath or affirmation "which states facts sufficient to show probable cause that a

crime is being committed, or has been committed, and which particularly describes the place or person, or both, to be searched and things to be seized, . . ." It is only after these necessary requirements are met that the warrant may be issued and the search instituted. There is therefore no merit in the contention that *Code Ann.* § 27-309 authorizes the search of persons without probable cause and without describing the articles to be seized.

■ In support of the contention that *Code Ann.* § 27-309 is unconstitutional because it allows the search of persons not particularly described in the warrant, the defendant cites United States v. Di Re, 332 U. S. 581 (2) (68 SC 222, 92 LE 210), wherein the Supreme Court of the United States held: "By mere presence in a suspected automobile, a person does not lose immunities from search of his person to which he otherwise would be entitled."

*Code Ann.* § 27-309 allows the search of persons not particularly described in the search warrant only where the executing officer may reasonably believe that it is necessary (1) to protect himself from attack, or (2) to prevent the disposal or concealment of items particularly described in the warrant. A search for these purposes is permitted as an incident of a lawful arrest without a search warrant. Preston v. United States, 376 U. S. 364, 367 (84 SC 881, 11 LE2d 777).

*Code Ann.* § 27-309 does not offend the Fourth Amendment of the United States Constitution because it allows the search of persons not particularly described in the search warrant for the limited purposes permitted.

■ The motion to suppress further contended that the search and seizure in the present case were illegal because the search warrant authorized a search of any other person on the premises who reasonably might be involved in the violation of the laws of Georgia, and did not particularly describe the other person to be searched, contrary to the Fourth and Fourteenth Amendments of the United States Constitution, and Art. I, Sec. I, Par. XVI (*Code Ann.* § 2-116) of the Constitution of Georgia; and because there was not sufficient probable cause submitted to authorize the issuance of the warrant.

The procedure for hearing a motion to suppress is as follows: "The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion, and the burden of proving that the search and seizure were lawful shall be on the State." Ga. L. 1966, pp. 567, 571 (*Code Ann.* § 27-313).

At the hearing on the motion to suppress, no evidence was introduced by the State or the defendant. The State stipulated that the factual situation in the first paragraph of the motion to suppress was true. This paragraph showed that the lottery paraphernalia sought to, be suppressed as evidence was seized from Margaret Wood when the automobile driven by the defendant, in which she was a passenger, was stopped by the officers. We must therefore determine the legality of the warrant and its execution from the facts stipulated, the warrant, the affidavit in support of the warrant, and the return of the warrant.

The search warrant was based upon an affidavit of an officer who deposed that he had probable cause to believe that the defendant had in his possession specified items that constitute tangible evidence of the commission of the crime of lottery, and that this evidence was concealed "on the person of the named accused and on the premises located at on or about his person or automobile in the vicinity of Connally St. & Fulton St., S. E." The facts submitted under oath amply supported the conclusion that there was probable cause for the issuance of the warrant.

The return of the warrant showed that the defendant and Margaret Wood were both arrested and that certain articles were seized, including "paper bearing lottery numbers." The possession of lottery tickets or other articles employed in connection with maintaining a lottery is a crime. Ga. L. 1966, pp. 129, 130 (*Code Ann.* § 26-6510). The arrest of a person possessing such material is prima facie legal, and the seizure of the lottery papers from such person would be prima facie valid. Ga. L. 1966, p. 567 (*Code Ann.* § 27-301). See United States v. Rabinowitz, 339 U. S. 56 (1b) (70 SC 430, 94 LE 653). The defendant did not rebut the prima facie case made by the return of the warrant, and the State therefore carried the burden of proving that the search and seizure were lawful.

It was not error to deny the motion to suppress the evidence,

or to allow such evidence on the trial, over the objection that it should have been suppressed. Compare *Cash v. State,* 222 Ga. 55 (2) (148 SE2d 420).

■ In his petition for certiorari the defendant assigned error on the admission in evidence of an accusation with a plea of guilty, showing the defendant's prior conviction of the offense of operating a lottery; lottery paraphernalia seized from the defendant when he was arrested in connection with this prior conviction; and testimony of a witness for the State that he placed the defendant under arrest for violating the Federal wagering laws when this material was seized. This evidence was admitted in the present case over the objection that it placed the defendant's character in issue before the jury without the defendant having first done so. Error was also assigned on the charge of the trial judge relating to this evidence.

In *Bacon v. State,* 209 Ga. 261 (71 SE2d 615), this court held: "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, *even though it be a crime of the same sort,* is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." (Emphasis supplied.) In the *Bacon* case this court referred to the dissenting opinion of Judge Townsend in *Hodges v.. State,* 85 Ga. App. 617, 622 (70 SE2d 48), for an exhaustive citation of authorities on exceptions to the general rule.

In the present case the evidence of other crimes was not admissible under any exception to the general rule. The other crimes were not a part of the res gestae. The evidence was not offered to prove the identity of the accused, as in *Moore v. State,* 221 Ga. 636 (1) (146 SE2d 895), or to show plan, scheme, and motive with respect to the crime charged, as in *Lyles v. State,* 215 Ga. 229 (2) (109 SE2d 785). The evidence admitted in the present case showed nothing more than the fact that the defendant had previously been convicted and arrested for similar crimes. This evidence did not prove scheme, motive, conduct, and intent of the defendant in the present offense, but served

only to prejudice the jury by giving them knowledge that the defendant had committed previous crimes. See *Bashinski v. State,* 123 Ga. 508 (51 SE 499).

Because of the errors of the Judge of the Criminal Court of Fulton County in admitting this evidence to the jury, and instructing them that they might consider it, the petition for certiorari should have been granted by the Judge of the Superior Court of Fulton County, and a new trial should have been granted. We find no other error in the denial of the petition for certiorari.

*Judgment reversed. All the Justices concur.*