45478.   WILLIS v. THE STATE.

ARGUED JULY 10, 1970—DECIDED SEPTEMBER 15, 1970.

*Albert M. Horn,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Tony H. Hight,* for appellee.

DEEN, Judge. Under what circumstances can peace officers, under a warrant to search named persons and their premises, search other persons found in the vicinity? *Code Ann.* § 27-309 states the purposes as (a) to protect themselves from attack, and (b) to prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant. The testimony in this

case makes it fairly obvious that (a) was not involved. Does (b) mean that all persons on the premises searched may, if the warrant so directs, be searched as a matter of course or must there be some additional evidence that would indicate probable cause for believing the articles are being concealed? A general warrant is of course void. By definition it is "one which does not sufficiently specify the place or the person to be searched." De Angelo v. State, 199 Md. 48 (85 A2d 468). In Saunders v. State, 199 Md. 568 (87 A2d 618), it was held that a warrant identifying premises and authorizing a search of "all persons found in the premises or who may enter the premises" invalidated the warrant as to persons present where there was nothing to connect them with the gambling operation, but in view of defendant's "obvious participation" she had no cause to complain of the search of her person. Hernandez v. State (Tex. Crim.), 437 SW2d 831, held a warrant not defective where it authorized "other persons not known to affiant" who might be found on the premises, but the appellant in fact disclosed and claimed the heroin. State v. Fox, 283 Minn. 176 (168 NW2d 260) held that the evidence was illegally obtained from the defendant's person, where the warrant apparently authorized only a search of premises and the defendant, who was on the premises, was not an owner or occupant. That warrant seems not to have had an "other persons" clause. From these and similar cases it may be concluded that a warrant which identifies the premises and its owners or occupants is not void as a general warrant because it authorizes the search of other persons found there who may reasonably be involved in the commission of the crime for which the warrant is issued. However, if one is unlawfully searched, the fact that incriminatory matter is found on him will not render the search legal. "It is axiomatic that an incident search may not precede an arrest and serve as part of its justification. E.g., Henry v. United States, 361 U. S. 98 (80 SC 168, 4 LE2d 134); Johnson v. United States, 333 U. S. 10, 16-17 (68 SC 367, 92 LE 436)." Sibron v. New York, 392 U. S. 40, 63 (88 SC 1889, 20 LE2d 917).

Appellant particularly relies here on United States v. Di Re., 332 U. S. 581 (68 SC 222, 92 LE 210). A warrant for the search of an automobile and its owner-driver did not authorize the search of

another occupant in the car, and discovery of the contraband on such occupant could not be admitted in evidence. Since Di Re is discussed in *Wood v. State,* 224 Ga. 121 (160 SE2d 368), where an occupant of an automobile was held properly subject to search under a search warrant directed against the owner-driver and the automobile, and the evidence of lottery paraphernalia found on the occupant was held admissible on the trial of the owner, we must assume a valid distinction between the separate fact situations involved. In *Wood* it appears from an examination of the record that James Wood, the defendant, and Margaret Wood, the occupant, were under surveillance as they drove to various known lottery stations where James Wood would stop and the woman would enter the house briefly and return. The lottery tickets were found in her raincoat pocket when the car was stopped and searched immediately after she had come out of one of the houses. The case assumes that the arrest of Margaret Wood without a warrant was justifiable, and that the evidence found on her person was admissible as being legally obtained by a search incident to a legal arrest without a warrant. It further holds that the statute (*Code Ann.* § 27-309) is constitutional and that there was probable cause for the issuance of the warrant against James Wood. It is therefore implicit in the decision, although not discussed, that probable cause for the arrest of Margaret Wood existed prior to her search from the totality of facts arising from the surveillance of her activities together with those of James Wood; otherwise the arrest would be illegal since the evidence obtained would have preceded it and constituted a part of its justification.

In the case before us the officers properly entered under a warrant to search Larry and Connie Franklin, their apartment, and any persons present who might reasonably be involved in the crime of possession of illegal drugs. The apartment had been under surveillance and the police had knowledge that drugs were used and sold there, according to the affidavit. The persons present were seated together in the same room. The drugs involved were pills in a small container which might easily be passed from person to person. Under these circumstances, and following the direction of *Wood,* supra, we hold the search not unreasonable under Fourth Amendment standards, and authorized by the terms of the

warrant. It is well to point out that the same result would not obtain under all circumstances. Had the defendant been in another part of the house, or if he were a postman or other person apparently entering on legal business, or had there been no reason to believe the house was frequented by persons illegally purchasing drugs, the search could not be justified as a mere routine procedure.

A search warrant to search designated premises will not authorize the search of every individual who happens to be on the premises. State v. Bradbury, 109 N. H. 105 (243 A2d 302). See also People v. Smith, 21 N. Y. 2d 698 (234 NE2d 460), which apparently draws a distinction between those persons who have entered premises and given police probable cause to believe they had engaged in policy operations after arriving, and other persons who came to the door while the police were there and as to whom no probable cause existed for the search.

The evidence here, although skimpy and marginal, is sufficient to support the search under the warrant charging a possessory offense and in accordance with *Code Ann.* § 27-309 (b).

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*