## 48999. WALLACE v. THE STATE.

HALL, Presiding Judge.

Wallace appeals with a certificate from the overruling of his motions to suppress evidence and to quash an accusation arising out of his arrest for marijuana possession. The state makes no response to the appeal.

The brief of evidence of the hearing and other documents submitted to the trial court show that on February 28, 1973, certain police officers were conducting a search of the residence of one Eccles under a warrant which additionally provided for the search of "any person who might reasonably be involved in the crime of possession of illegal drugs or narcotics"; while the search was in progress Wallace knocked at the door; it was opened by the police who searched Wallace as soon as he entered; they found and removed from him a metal case which, upon being opened, revealed a tin foil packet which, upon being opened, revealed a brown powder subsequently identified as marijuana. An accusation was filed on September 19, 1973 charging Wallace with the misdemeanor of intentional possession of .29 grams of marijuana.

We consider first his motion to suppress evidence made upon grounds that the search of his person was not authorized by the warrant and was made without probable cause, and that the warrant was void and issued without probable cause.

1. Code Ann. § 27-309 provides that "In the execution of the warrant the person executing the same may reasonably detain or search any person in the place at the time: (a) To protect himself from attack, or (b) To prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant." The statute by necessary implication describes the limited circumstances in which the executing officer may search persons not identified in the warrant incident to a legitimate search of premises. In other words, it is operative when the warrant does *not* contain language such as we have here purporting to authorize search of "any person present. . ." The question, then, is whether

by inserting the words "and any person present" in the warrant, the searching authorities may broaden their power to search persons not identified in the warrant beyond the limited terms of Code Ann. § 27-309. We hold that they may not, on the ground that Code Ann. § 27-309 describes the maximum extent to which the particularity of description required by the Fourth Amendment may be encroached upon by the practical necessities of the search environment. See *Wood v. State,* 224 Ga. 121, 124 (160 SE2d 368); *Willis v. State,* 122 Ga. App. 455 (177 SE2d 487). Naturally, the statute does not limit the officer's right to search persons as to whom probable cause for a warrantless search exists.

Under the facts present here, involving Wallace's arrival at the apartment while the search was in progress and his being under constant surveillance from the moment of his entry, Code Ann. § 27-309 (b) is factually inapplicable, and the search for weapons authorized by Code Ann. § 27-309 (a) is a less intrusive search than that to which Wallace was subjected. For this reason, the record showing no independent probable cause for a warrantless search of Wallace, the search was illegal, and his motion to suppress should have been granted. Accord, Smith v. State of Alabama, 289 S. 2d 816; People v. Smith, 21 N. Y. 2d 698 (234 NE2d 460). See also United States v. Di Re, 332 U. S. 581, 587 (68 SC 222, 92 LE 210); *Jones v. State,* 126 Ga. App. 841 (192 SE2d 171). Having decided that the warrant, even if valid, did not authorize the search made here, it is unnecessary to decide Wallace's further claim that the warrant itself was invalid.

2. Wallace's second enumeration claims that his motion to quash the accusation should have been granted on grounds that .29 grams of marijuana is too minute an amount to support an accusation of intentional possession, citing Marshall v. United States, 229 A. 2d 449 (D. C. App. 1967); Watson v. State, 88 Nev. 180 (495 P2d 365) (1972); and People v. Leal, 64 Cal. 2d 504, 512 (413 P2d 665). This claim is without merit. It is not necessary on this record for us to decide whether there is some minimum amount of an illegal substance below which no claim of intentional possession will be sustainable. Here, the brief of evidence concurred in by

the judge, the assistant district attorney, and defense counsel, shows that the head of the state crime laboratory testified from an authoritative journal that .34 to .68 grams excluding stems and seeds would be sufficient to pack one or two average-sized hand rolled cigarettes. From this testimony we conclude that .29 grams is an amount of marijuana which might be found in a substantial fraction of, though less than a whole, marijuana cigarette. Such an amount is not too small to support an accusation of intentional possession, and such intentional possession is further supported by the carefulness of the marijuana's wrapping and storage inside Wallace's metal case. We do not have here the indicia of unwitting "possession," such as, perhaps, an accumulation of dust or other accretions in a defendant's clothing. The motion to quash the accusation was correctly overruled.

*Judgment of the trial court overruling Wallace's motion to suppress is reversed; the overruling of the motion to quash is affirmed. Deen and Stolz, JJ., concur.*

SUBMITTED JANUARY 17, 1974 — DECIDED MARCH 7, 1974.

*Smith & Portman, Alexander L. Zipperer, III,* for appellant.