appellant.
    *Ken Stula, Solicitor, Frederick R. Tyler,* for appellee.

## 49836. BROWN v. THE STATE.

MARSHALL, Judge.
    This case is the companion to *Overstreet v. State,* 133 Ga. App. 497, and involves the same search warrant as in that case. The warrant is directed specifically to a search of only Danny Overstreet and the described premises, Apartment 2, Collegiate Apartments. The appellant here was not mentioned in the warrant or in the affidavit and is not shown to have been under suspicion or investigation prior to the issuance of the warrant and the search. Appellant was accompanying Overstreet when they walked into Overstreet's apartment while the search was in progress. Appellant was carrying in one arm a large paper grocery bag, which was seized from him by one of the policemen and searched, revealing a bottle containing a quantity of illegal drugs. *Held:*
    1. As stated in *Overstreet,* supra, the warrant in this case was insufficient to support the search of Overstreet's apartment because the information contained in the affidavit does not give rise to probable cause that marijuana could be found in the premises searched. A *fortiori,* the warrant is insufficient to support a search of appellant's person where the appellant is not mentioned in the affidavit, is not shown to be an occupant of the apartment but a mere visitor, and the warrant does not specifically authorize the search of "any other person on said premises who reasonably might be involved in the commission of the aforesaid violation" as in *Willis v. State,* 122 Ga. App. 455 (177 SE2d 487). See also *Wood v. State,* 224 Ga. 121 (160 SE2d 368).
    2. Ga. L. 1966, pp. 567, 570 (Code Ann. § 27-309) is inapplicable because the warrant is invalid. "This statutory provision implicitly presupposes that a valid warrant is in existence before authorizing a search of other persons present at the place." *Patterson v. State,* 126 Ga. App. 753,

754 (191 SE2d 584).

3. Independent of the validity of the warrant, the facts do not present any other legal justification for the search of the bag in appellant's arm. (a) The policeman's authority to frisk for weapons without a warrant under Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) does not justify the search. One policeman testified that it was his "professional police experience" that "you immediately search all persons for the protection of each individual officer." Yet the evidence was that the paper bag was taken away from appellant and then searched. At that point the "frisk" ceased being a search for weapons and became a search for evidence. "Unlike a full search, a frisk is conducted solely for the purpose of insuring the safety of the officer and of others nearby, not to procure evidence for use at a subsequent trial." *Jones v. State,* 126 Ga. App. 841, 844 (192 SE2d 171). (b) Nor were there "exigent circumstances" present in this case, where the seizure of the contraband is justified to prevent the destruction of incriminating evidence. See United States v. Rabinowitz, 339 U. S. 56 (70 SC 430, 94 LE 653); *Andreu v. State of Ga.,* 124 Ga. App. 793 (186 SE2d 137). (c) Finally, the search cannot be said to be a search incident to an arrest, where the officer had no reason to believe that the appellant had committed a crime in his presence. Code § 27-207. "It is axiomatic that an incident search may not precede an arrest and serve as part of its justification. [Cits.]" Sibron v. New York, 392 U. S. 40, 63 (88 SC 1889, 20 LE2d 917); *Jones v. State,* 126 Ga. App. 841, supra.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

Argued November 7, 1974 — Decided December 5, 1974.

*Augustine & Sullivan, Edward E. Augustine,* for appellant.

*Ken Stula, Solicitor, Frederick R. Tyler,* for appellee.