## 52309. CAMPBELL v. THE STATE.

STOLZ, Judge.

This is an appeal from defendant Campbell's conviction of violating the Georgia Controlled Substances Act. The essential question before us is whether under a warrant directing the search of "Tim (w/m)", a certain apartment located in Fulton County, "and any other person on said premises who reasonably might be involved in the commission of the aforesaid [drug] violations of the laws of Georgia," police were authorized to search the defendant who was present in the apartment at the time of the search.

The facts pertinent to this appeal are as follows. Prior to execution of the warrant, police officers had placed the premises under surveillance for several hours, during which time police observed several persons arrive at and enter the apartment. Police then knocked at the back (kitchen) door and identified themselves when someone peered through the window curtain. However, rather than open the door, this person, later identified as "Tim," headed toward the living room. Thereupon police made a forced entry into the kitchen, apprehended "Tim," and proceeded immediately to the living room to round up the other people in the apartment. Upon entering the living room, police observed defendant Campbell trying to hide behind the television. Campbell contends that, not knowing who the intruders were, he had simply tried to hide from them. The officers searched the appellant, finding a small plastic bottle containing white powder in his pocket and two loaded pistols under his belt.

1. The affidavit supporting the warrant stated that a confidential informant had given the officer-affiant information that, while present in the apartment, "he observed persons known to him as users of cocaine frequenting said location . . . [and] that cocaine is now being stored at [the apartment]."

Appellant contends that the warrant was issued without probable cause in that the supporting affidavit contained no description of these "known" cocaine users, did not disclose how the users became known to the informant, and did not allege that the affiant was

informed of any impending drug transaction.

The affidavit states that the informant had been present in the apartment on two specific dates and had personally observed "Tim" using, selling, and storing cocaine. Further, the informant had observed other cocaine users frequenting the premises and had stated that "Tim" was currently storing cocaine there. That the "known" cocaine users, or how they were known, were not particularly described, has no bearing on this case in light of our holding, in Division 3 below, that the "other persons" clause in the warrant did not broaden the officers' authority to search anyone other than "Tim." As to the specificity of the informer's information, we believe that the criminal activity was described so that a magistrate might know that it was more than "a casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation." Spinelli v. United States, 393 U. S. 410, 416 (89 SC 584, 21 LE2d 637); f. *Jackson v. State,* 129 Ga. App. 901, 904 (201 SE2d 816). As to the appellant's contention that the affiant was not informed of an impending drug transaction, the informant's statement that cocaine was currently being stored at the apartment was sufficient to support the requirement that information in an affidavit be current. See *Cochran v. State,* 136 Ga. App. 94 (220 SE2d 83).

2. The appellant also argues that the inclusion of an "other persons" clause renders this a general warrant. However, this warrant specifically identifies the person and place to be searched, and, unlike the situation in *Wilson v. State,* 136 Ga. App. 70 (221 SE2d 62) and *State v. Cochran,* 135 Ga. App. 47 (217 SE2d 181), it was not directed at searching any person who might happen to enter a public place during the search. "A warrant which identifies the premises and its owners or occupants is not void as a general warrant because it authorizes the search of other persons found there who may reasonably be involved in the commission of the crime for which the warrant is issued." *Willis v. State,* 122 Ga. App. 455, 457 (177 SE2d 487); accord, *Jackson v. State,* 129 Ga. App. 901 (1)(d), supra.

3. With particular regard to the "other persons"

clause in this warrant, we note that this language gives police no authority to search persons other than "Tim" unless such search falls within the ambit of Code Ann. § 27-309. Language identical to that contained in this warrant was considered in our opinion, issued this month, in *Smith v. State,* 138 Ga. App. 129, wherein we stated that Code Ann. § 27-309 "describes the maximum extent to which the particularity of description required by the Fourth Amendment may be encroached upon by the practical necessities of the search environment. [Cits.] Thus, if defendant's search is to be upheld on the basis of the warrant, the state must demonstrate that the officer acted under either of the two justifications provided by Code § 27-309." See also *Wallace v. State,* 131 Ga. App. 204 (205 SE2d 523).

4. Code Ann. § 27-309 allows a very limited search of persons present on the premises at the time of the search to look only for weapons or for the items particularly described in the warrant. The record discloses that police found a small plastic bottle in the defendant's right pocket during the search. Whether or not that bottle could be removed from the defendant's pocket depended upon whether police reasonably believed that this bottle contained cocaine. The state presented evidence that they had observed several persons entering an apartment which they believed to be the situs of several cocaine sales, that "Tim" would not open the door to permit their entry, and that the defendant and his companions had tried to hide from them when they entered. This evidence together with the knowledge that cocaine is frequently stored in small plastic bottles was sufficient to authorize police to remove and seize the bottle of white powder. See *Willis v. State,* supra.

As the search of defendant Campbell continued, police found two loaded pistols tucked under his belt. The fact that these weapons were concealed by the defendant's shirt, which hung over his belt, has no relevance in deciding whether or not they were subject to seizure. Code Ann. § 27-309 specifically gives the officer the right to search for weapons. In conjunction with Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), this right is limited to a pat-down of the person's outer clothing. *Smith v. State,*

supra. That the weapons were concealed from view by the defendant's shirt does not preclude their being felt by police during a pat-down.

There is some trial testimony indicating that all occupants of the apartment were strip-searched. However, both the defendant and the state indicate that the weapons were seized from under the defendant's shirt and thus we conclude that if a strip-search did indeed occur, it took place after the weapons were seized.

This case is unlike *Jones v. State,* 126 Ga. App. 841 (192 SE2d 171), where police armed with a warrant to search "Barry" and the "entire first floor of a two-story frame dwelling," could not locate Barry and instead searched two male occupants, who merely were playing chess by candlelight. Nor is this case similar to *Wallace v. State,* supra, or *Smith v. State,* supra, both of which involved searches of a person arriving at the premises after the search had begun and as to whom there was otherwise no probable cause.

In summation, we note that the "other persons" clause was superfluous; it neither made the warrant general nor extended authority to search anyone other than the person named, i.e. "Tim." However, because the officers were executing a valid warrant, under Code Ann. § 27-309 they were permitted to make a very limited search of those present in the apartment at the time. When, in the course of that search, officers found what they suspected to be weapons or cocaine, they were authorized under the statute to seize those items.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Submitted June 7, 1976 — Decided July 1, 1976 — Rehearing denied July 20, 1976 —

*Glenn Zell, James A. McPherson, Skidmore, Barrett & Jenkins, Timothy N. Skidmore, Kenneth T. Humphries,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Gordon Miller, Donald J. Stein, Assistant District Attorneys,* for appellee.