### 53145. HAYES v. THE STATE.

SMITH, Judge.
The only enumeration of error in this appeal is that the trial court refused to grant the appellant's motion to

suppress the evidence upon which he was convicted.

Gwinnett County police officers obtained a warrant to search "the person of ... and ... the premises known as: the residence of Mark, being [a particularly described apartment]" for marijuana, mescaline and cocaine. The validity of the warrant is not attacked. The officers entered the apartment with a pass key at about 9:30 a.m. and found the appellant asleep on the couch in the living room. No one else was present at the time and all the beds were made. In the course of searching the apartment, and before the appellant's identity was ascertained, an officer opened and searched appellant's suitcase, which was found on the floor beside the couch. The appellant's name, Daniel E. Hayes, was on the outside of the suitcase and the officer testified that immediately upon opening it he found an airline ticket issued in the appellant's name. A quantity of illegal drugs was found within the suitcase, and the appellant then identified the suitcase as his own.

The question raised by this appeal is whether the search of the suitcase was a legitimate part of the search of the premises, or whether it was an unconstitutional search of the appellant's person. We believe that the search was of the appellant's person, and, since there was no warrant for such a search, nor were there any special circumstances which might have validated a warrantless search of his person (*Brown v. State,* 133 Ga. App. 500 (3) (211 SE2d 438)), the search was illegal.

The courts of this state have often held that searches of persons not named in a search warrant but found on the premises to be searched are illegal absent independent justification for a personal search (*Jones v. State,* 126 Ga. App. 841 (192 SE2d 171); see also United States v. Di Re, 332 U. S. 581, 587 (68 SC 222, 92 LE 210)), but they have not been called upon to define a person's "boundaries" for purposes of his immunity from such searches. Searches of a paper bag carried under a person's arm (*Brown v. State,* supra) and of a plastic bag in a person's pocket (*Willis v. State,* 122 Ga. App. 455 (177 SE2d 487)) have been treated as searches of the person. In expanding the concept of personal boundaries to include the suitcase in the facts of this case, we have relied upon the treatment of this issue in other jurisdictions.

In United States v. Teller, 397 F2d 494 (7th Cir. 1968), the defendant entered her home when officers were present pursuant to warrants to arrest her husband and search their house for contraband cash. She went into the main bedroom, where her husband and the police officers were, and left her purse on the bed. After about twenty minutes an officer searched it and found an amount of the incriminating money. The Seventh Circuit Court of Appeals upheld the search, reasoning that "when defendant placed the purse upon the bed and left the room . . . the purse was then no more a part of her person than would have been a dress which she had worn into the room and then removed for deposit in a clothes closet." Teller, supra. p. 497. The purse was " . . . merely another household item subject to the lawful execution of the search warrant . . ." Id.

To be distinguished from Teller are cases closer akin to the instant case where a portable item is not meant to become "another household item" but remains a part of the person's private domain in which he retains an expectation of privacy. In Commonwealth v. Platou, 455 Pa. 258 (312 A2d 29), the police, while executing a valid warrant to search an apartment, searched two suitcases which they knew to belong to a nonresident visitor. The Supreme Court of Pennsylvania, invalidating the search, relied primarily upon the reasoning of Katz v. United States, 389 U. S. 347 (88 SC 507, 19 LE2d 576), when it said, "A person does not lose the protection of the Fourth Amendment by entering the apartment of another. [Cits.] Neither do a person's effects. The Fourth Amendment permits no lesser protection of a person's effects, than for his person. So long as a person seeks to preserve his effects as private, even if they are accessible to the public or to others, they are constitutionally protected." Platou, supra, pp. 266, 267. The Pennsylvania approach was adopted by the Supreme Court of Hawaii in State v. Nabarro, 55 H. 583 (525 P2d 573), which arose out of a search of the purse of a nonresident visitor to the premises for which a search warrant had issued. Important to the court was the officer's knowledge that the purse belonged to a nonresident: ". . .[T]he police cannot realistically be expected to avoid searching the property of a mere visitor

to the premises unless they are aware of its ownership. Absent a requirement of such awareness, the effective execution of a warrant to search a place would be impossible since the police could never be sure that a plausible repository for items named in the warrant belongs to a resident, and hence is searchable, or to a nonresident, and hence is not searchable. Because of this, without notice of some sort of the ownership of a belonging, the police are entitled to assume that all objects within premises lawfully subject to the search under a warrant are part of those premises for the purpose of executing the warrant." Nabarro, supra, pp. 587, 588.

Whether the police had notice that they were searching the personal effects of a visitor to searched premises must be determined on the facts of each case. In the present case, we believe the officers had enough notice that they were searching the personal effects of a person they had no authority to search so that the search was an unreasonable intrusion into the appellant's privacy. The circumstances they encountered when they began the search—for example, one man asleep on the living room couch with a suitcase next to him—are inconsistent with the notice that the man was the resident "Mark." A simple check of the name tag on the suitcase (the officer testified he did not see it prior to searching the bag) would have indicated that the suitcase did not belong to a man named "Mark" and should at least have raised a suspicion that the suitcase belonged to the man sleeping next to it. The trial judge should have granted appellant's motion to suppress the evidence seized from his suitcase, without which the conviction cannot stand.

*Judgment reversed. Bell, C. J., concurs. McMurray, J., concurs in the judgment only.*

SUBMITTED JANUARY 17, 1977 — DECIDED MARCH 14, 1977 — REHEARING DENIED MARCH 30, 1977 —

*Wynn Pelham,* for appellant.
*Bryant Huff, District Attorney, Dawson Jackson, Robert A. Barnaby, II, Richard T. Winegarden, Assistant*

*District Attorneys,* for appellee.

ON MOTION FOR REHEARING.

The state claims that the plain view doctrine legitimizes the seizure of the items from Hayes' suitcase. Coolidge v. New Hampshire, 403 U. S. 443 (91 SC 2022, 29 LE2d 564). If the plain view doctrine is to apply, the first element which must be proved by the state is a valid intrusion prior to the sighting of the seized evidence. This is the element which we found lacking in the search of the appellant's suitcase.

If the intrusion into the suitcase was valid, then it must have been predicated on either a warrant or an exception to the warrant requirement. If it is predicated on an exception, then the state carries an affirmative burden of showing that the requirements of the exception were fulfilled. The state made no such contention here, but rather argued that the warrant supplied the legal justification for the entry. We held that it did not, because the circumstances encountered by the police officers when they entered the apartment were such as to put the police officers on notice that the person whose suitcase they searched was not the occupant whom they had authority to search personally. The circumstances put them on notice, therefore, that they were searching the person of another individual rather than the premises for which they had a warrant.

There being no prior valid intrusion into the suitcase, the plain view doctrine cannot apply. Furthermore, had the intrusion into the suitcase been justified as a legitimate extension of the search of the premises, then the warrant would supply the basis for the seizure and there would be no need for reliance on the plain view doctrine.

The question of whether the discovery was *inadvertent* was never reached, because that question applies only when the discovery is subsequent to a valid intrusion.

*Motion for rehearing denied.*