## 55830. THE STATE v. SHOPE.

SHULMAN, Judge.

Appellee Shope was present in the residence of one "Tommy," when it was searched under a search warrant directing the officers to search the residence, "Tommy," and "any other persons found on said premises who reasonably might be involved in the aforesaid violation of the laws of the State of Georgia [to wit: possession of marijuana]." As to the effect of this latter language, see *Smith v. State,* 139 Ga. App. 129 (1) (227 SE2d 911); see generally *Brown v. State,* 133 Ga. App. 500 (1) (211 SE2d 438).

At the time of entry, appellee, "Tommy" and several other persons were present in the living room. During the course of the search, a purse belonging to appellee was found "stuck down in a chair like it had been pushed away." A search of the purse produced a quantity of marijuana. This appeal, brought by the state, follows the grant of defendant's motion to suppress. We reverse.

Probable cause was founded on information of a reliable and confidential informant who had personally observed "Tommy" selling marijuana and who further stated "Tommy" sold marijuana in large amounts.

As the uncontradicted evidence indicates "probable cause for believing the articles [particularly described in the warrant were] being concealed," this case is controlled by *Willis v. State,* 122 Ga. App. 455, 457 (177 SE2d 487). See also *Campbell v. State,* 139 Ga. App. 389 (4) (228 SE2d 309).

Cases cited by appellee in defense of the granting of the motion to suppress are factually distinguishable from both *Willis* and the instant case. See, e.g. *Hayes v. State,* 141 Ga. App. 706 (234 SE2d 360) where officers entered occupant's apartment with a pass key and found appellant, a visitor, asleep on the couch with no one else present. In the instant case, there was an independent justification for a search of appellee's belongings, i.e., the possible concealment. Compare *Wallace v. State,* 131 Ga. App. 204 (1) (205 SE2d 523).

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 15, 1978 — DECIDED SEPTEMBER 7, 1978.

*Douglas E. Smith, Solicitor,* for appellant.
*Charles W. Smith, Jr.,* for appellee.