## 56653. PATTON v. THE STATE.

SHULMAN, Judge.

While executing a search warrant directed to the person and residence of "Tommy Last Name Unknown," police officers found several other persons, including appellant, at the described premises. When the police entered the house, Tommy and appellant and the others were seated around a coffee table on the top of which were marijuana, hashish, and various items of drug paraphernalia. Everyone present was frisked for weapons

and then seated in the living room while the search progressed. An officer who was assigned to watch appellant and the others observed appellant stick his hand or thumb into his pocket and, upon noticing that the officer was looking in his direction, quickly remove his hand and look at the ceiling. Suspecting that appellant may have been attempting to conceal something in his pocket, the officer summoned another officer and escorted appellant into the kitchen. Appellant was directed to empty his pockets on the table. When he did so, the officers seized a plastic bag containing four white pills which, later chemical analysis showed, were methaqualone, a controlled substance.

Appellant brings this appeal from his conviction for possession of methaqualone, enumerating as error the denial of his motion to suppress the evidence seized during the search and the admission of the fruits of that search into evidence.

1. Appellant's chief contention is that the search was illegal because he was not named in the search warrant. We cannot agree with that contention.

Code Ann. § 27-309 provides in pertinent part as follows: "In the execution of the warrant the person executing the same may reasonably detain or search any person in the place at the time: . . .(b) to prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant."

The facts stated above indicate that there was probable cause to believe appellant was attempting to conceal the item particularly described in the warrant (marijuana). There was, therefore, independent justification for the search of appellant's pockets. *State v. Shope,* 147 Ga. App. 119 (248 SE2d 188).

2. At the hearing on the motion to suppress, the police officer who seized the contraband from appellant testified that he was aware immediately upon appellant's compliance with the order to empty his pockets that there was no marijuana in appellant's possession. Appellant argues that at the moment the police officer was aware that appellant had no marijuana the authority to search under Code Ann. § 27-309 ended, rendering the subsequent seizure illegal and requiring suppression of

the evidence. We agree with appellant's analysis of Code Ann. § 27-309, but not with the conclusion he reaches therefrom.

By the clear language of the Code section quoted above, the only permissible search of appellant was limited to a search for marijuana, the only item particularly described in the search warrant involved here. The authority to search under Code Ann. § 27-309 ended when it was apparent that appellant had no marijuana. See, e.g., *Campbell v. State,* 139 Ga. App. 389 (4) (228 SE2d 309). However, at that moment, an independent justification for seizure of the pills came into being: the plain view doctrine.

The thorough review of the plain view doctrine in Judge Smith's dissent in *Hatcher v. State,* 141 Ga. App. 756, 757 (234 SE2d 388) sets out three essential elements for the application of the doctrine: (1) a prior valid intrusion; (2) inadvertence; and (3) immediate apparency. (But see *Sewell v. State,* 238 Ga. 495 (233 SE2d 187), applying the plain view doctrine in a different context.) We are satisfied that the evidence presented in this case meets all three requirements.

A. As we held in Division 1, supra, the police were authorized by Code Ann. § 27-309 to require appellant to empty his pockets. That satisfies the requirement for a prior valid intrusion.

B. The evidence authorized the trial judge to find that the purpose of the search was to prevent the concealment of marijuana. The requirement that the discovery be inadvertent was thus met.

C. The officer who testified concerning his seizure of the pills from appellant indicated that, based on his experience in law enforcement, he believed the pills contained in a plastic bag in appellant's pocket were illegal drugs as soon as he saw them. Based on the officer's testimony and the other evidence concerning the circumstances of this search and seizure, the trial court was authorized to find that the officer who seized the pills had probable cause at that time to believe the pills were contraband. That is sufficient. *Campbell v. State,* 226 Ga. 883 (3) (178 SE2d 257). We reject appellant's contention that the officer's testimony to the effect that he did not

immediately see labeling on the pills precludes a finding of probable cause.

Our conclusion, then, is that all the requirements for a seizure of contraband found in plain view were satisfied in this case. The seizure was legal.

3. Since the search and seizure here involved were legal, there was no error in denying appellant's motion to suppress the evidence. For the same reason, there was no error in admitting into evidence the drugs seized from appellant.

*Judgment affirmed. Birdsong, J., concurs. Bell, C. J., concurs in the judgment only.*

SUBMITTED OCTOBER 10, 1978 — DECIDED JANUARY 18, 1979 — REHEARING DENIED JANUARY 29, 1979 —

*Sartain & Carey, Jefferson W. Willis,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.

BELL, Chief Judge, concurring in judgment.

I concur in the judgment for the sole reason that the search of the third person was authorized under the provisions of Code § 27-309. As the search was valid the seizure of the contraband found on the third person was also valid.

All discussion on the "plain view" doctrine is unnecessary to the decision here and is totally inapplicable.