## 58028. WYATT v. THE STATE.

CARLEY, Judge.

Tried and convicted for possession of a controlled substance, Wyatt appeals, enumerating as error the denial of his motion to suppress evidence and the refusal of the trial judge to allow him to call his brother as a witness.

The record and transcript establish that on March 16, 1978, five detectives of the narcotics squad of the Columbus Police Department participated in a search pursuant to a warrant of a house located at 106 45th Street. The warrant was procured by Detective Jack Colson on the basis of an affidavit which recited that he had probable cause to believe that "Rudon Whyatt and Terry Whyatt are now in the possession and control of a quantity of marijuana at the below described location which is in violation of the Ga. Law . . . and that deponent's probable cause for such belief is based on the following facts: deponent has received information from a confidential and reliable informer who has informed in the past and the information received led to the arrest of Joel Rumph; that Rudon and Terry Whyatt are now in the possession and control of a quantity of marijuana at the below described location. Informer states that he has seen the marijuana under the control and possession of Rudon and Terry Whyatt at the below described location within the past (24) hrs. Surveillance by deponent and Det. Traino periodically over the past (12) hrs. has shown several people entering and leaving the below described location after a short stay, and deponent makes this affidavit that a search warrant may issue directing that said premise and any persons found therein or thereupon may be searched and said premises (motor vehicle) may be searched, and any of said illegal property found therein or thereupon may be seized (or said person concealing himself may be arrested)."

When the officers went to the house looking for

"Rudon and Terry Whyatt," the appellant, Jerry Wyatt, was in the living room. Rudon and Daisy Wyatt, Jerry's parents, and Jerry's wife were in the kitchen. Terry Wyatt, Jerry's brother, was not present. The search warrant was displayed and the officers were invited in. Detective Traino, who knew Jerry "well," told him to get up from the sofa, that he wanted to frisk him. He had Jerry stand and raise his hands and arms and then patted him down for hidden weapons. No weapons were found. After Detective Traino had searched Jerry Wyatt and found no weapons, he "went ahead and started checking his pockets. I checked his pants pockets and his shirt, if he had one — I don't recall — and at this time I went into his wallet. I asked him to hand it to me and he was hesitant about doing it, at which time I told him I needed to search it and he gave it to me. I opened it and inside the fold out part of the wallet I found one dime [$10] bag of PCP." No other drugs and no weapons were found on the person of appellant or in the house. Detective Traino explained that the first search was a "pat down" search for weapons, that he was not afraid Wyatt was about to assault him with any weapon "and the actual body search of his person was for contraband based on the search warrant." The only testimony concerning Terry Wyatt was that he did not live in the house and never had lived there, even during the period of time the informant said he had seen him. The court ruled that "the search of the premises and any persons found thereon was lawful," and denied the motion to suppress the evidence taken pursuant to the search.

1. "The courts of this state have often held that searches of persons not named in a search warrant but found on the premises to be searched are illegal absent independent justification for a personal search. [Cits.] . . . Searches of a paper bag carried under a person's arm (*Brown v. State*, [133 Ga. App. 500 (3) (211 SE2d 438)] supra) and of a plastic bag in a person's pocket ( *Willis v. State*, 122 Ga. App. 455 (177 SE2d 487)) have been treated as searches of the person." *Hayes v. State*, 141 Ga. App. 706, 707 (234 SE2d 360) (1977). *Hayes* expanded the concept of personal boundaries to include a suitcase next to the couch on which the appellant was found sleeping. Clearly the search of Jerry Wyatt's wallet would be

considered a personal search.

The state urges that the warrant itself supplied the "independent justification" for the personal search of Wyatt. The warrant here commanded the officers "to enter said described premises (motor vehicle) and to make diligent search thereof *and of the persons found therein* or thereon for said (property) (person) above described, and to seize all evidence of law violation alleged (or to arrest said person), *together with all persons found therein or thereupon criminally connected,* and to bring said evidence and such persons arrested before the undersigned officer, or some judicial officer of said County, to be dealt with as the law directs." (Emphasis supplied.)

Absent the italicized provisions, the search of other persons on the premises described in the warrant would be proscribed by Code § 27-309, which provides that "[i]n the execution of the warrant the person executing the same may reasonably detain or search any person in the place at that time: (a) To protect himself from attack, or (b) To prevent the disposal or concealment of any instruments, articles or things particularly described in the warrant."

The presence of the italicized portions of the warrant does not broaden the authority prescribed by Code Ann. § 27-309 so as to validate the search which here resulted in the discovery of contraband drugs. In *Wallace v. State,* 131 Ga. App. 204, 205 (205 SE2d 523) (1974), this court held that such language does not "broaden [the] power to search persons not identified in the warrant beyond the limited terms of Code Ann. § 27-309 . . . [This Code section] describes the maximum extent to which the particularity of description required by the Fourth Amendment may be encroached upon by the practical necessities of the search environment. [Cits.]" Thus to uphold a search on the basis of the warrant, the state must demonstrate that the officer acted under either of the two justifications provided by Code § 27-309. *Smith v. State,* 139 Ga. App. 129, 130 (1) (227 SE2d 911) (1976).

(a) A Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968) "pat down" search authorized under Code Ann. § 27-309 (a) to protect the officer from attack is permissible "only where the executing officer may

reasonably believe that it is necessary . . ." *Wood v. State,* 224 Ga. 121, 124 (1) (C) (160 SE2d 368) (1968). And "he must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." Sibron v. New York, 392 U. S. 40, 64 (88 SC 1889, 20 LE2d 917) (1968); see also *Smith v. State,* 139 Ga. App. 129, 132 (2), supra.

" 'The sole justification of the search in the present situation is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer.' [Cit.] In other words, an extended search, exceeding the purpose of the frisk, would be constitutionally unreasonable, and any evidence thereby obtained must be excluded. ' . . . In Terry v. Ohio, supra, the court's emphasis upon the procedures followed by the officer indicates that a two-step process must ordinarily be followed: (1) The officer must pat down first, and (2) then intrude beneath the surface only if he comes upon something which feels like a weapon.' [Cit.]" *Jones v. State,* 126 Ga. App. 841, 844 (192 SE2d 171) (1972); *Smith v. State,* supra, at 133.

Here, as in *Smith,* the appellant's "innocuous behavior" did not give Detective Traino reasonable grounds to believe that appellant was armed or that he posed a threat to the officer's safety. Moreover, the initial frisk did not reveal any type of weapon which would authorize the further intrusion into appellant's wallet. Compare *Campbell v. State,* 139 Ga. App. 389 (228 SE2d 309) (1976), where the defendant tried to hide from police behind a TV set and two loaded pistols were found tucked in his belt under his shirt. Thus, since the weapons search "was neither warranted initially nor conducted within constitutionally permissible bounds, the seizure of the drugs cannot be justified on this basis." *Smith v. State,* 139 Ga. App. 129, 134 (3), supra.

(b) Code § 27-309 (b) permits a personal search to prevent the disposal or concealment of the articles particularly described in the warrant. Searches have been upheld under this subsection where the warrants stated that known drug abusers had been observed by police

entering and leaving the premises, and persons not specified in the warrants were found sitting in the same room with the named suspects where the contraband pills could easily be passed around and concealed. *Willis v. State,* 122 Ga. App. 455, supra; *Jackson v. State,* 129 Ga. App. 901 (201 SE2d 816) (1973). In those cases the persons named in the warrant were also either present or actually resided there, and the particular contraband described was found. *State v. Shope,* 147 Ga. App. 119 (248 SE2d 188) (1978), which most strongly supports the state's position, is nevertheless not controlling because there during the search a purse belonging to the appellee was found pushed down in a chair as though it had been hidden. In *Shope* the court determined that this "possible concealment" was "an independent justification for a search of appellee's belongings . . ."

Here appellant Jerry Wyatt was not named in the warrant and the warrant did not state that known drug abusers had been observed frequenting the residence of the persons named. No marijuana was found on appellant's person or in the premises and no "possible concealment" was attempted. Appellant was under constant surveillance and promptly and obediently obeyed every order of the police, to whom he was well known. Therefore, we conclude that the search of appellant cannot be upheld under either subsection of Code Ann. § 27-309. *Hayes v. State,* 141 Ga. App. 706, supra; *Wallace v. State,* 131 Ga. App. 204, supra; *Smith v. State,* 139 Ga. App. 129, supra.

2. "Since defendant's search exceeded the scope of the warrant and was unsupported by independent probable cause, we need not consider defendant's additional argument that the warrant itself was invalid as a general warrant. See *State v. Cochran,* supra; *Wallace v. State,* supra; *Wilson v. State,* 136 Ga. App. 70 (221 SE2d 62)." *Smith v. State,* 139 Ga. App. 129, 135 (6), supra.

3. Neither will we consider appellant's contention that the trial court erred in excluding the testimony of Terry Wyatt since our reversal of the denial of the motion to suppress renders this issue moot.

*Judgment reversed. Deen, C. J., and Shulman, J.,*

*concur.*

SUBMITTED MAY 30, 1979 — DECIDED SEPTEMBER 5, 1979.

*Louis H. Mitchell,* for appellant.
*William J. Smith, District Attorney, Gray Conger, Assistant District Attorney,* for appellee.