A90A0640. THE STATE v. ANDERSON.
(395 SE2d 50)

SOGNIER, Judge.

Following a search of the premises of the Eastman Knights Club, Vanessa Anderson, who was present at the club at the time of the search, was charged with possession of cocaine and unlawful sale of distilled spirits. The State appeals from the trial court's order granting Anderson's motion to suppress the fruits of the search of her purse.

The record reveals that GBI Agent Greg Harvey applied for a warrant to search the club premises and curtilage, and in support of his application submitted an affidavit in which he averred that in the last few days (1) a law enforcement officer twice had purchased distilled spirits at the club and had seen persons possessing and using controlled substances on the premises and in the parking lot; (2) a reliable informant had observed the sale of distilled spirits on the premises; and (3) Harvey had personally observed the sale of distilled spirits at the club. The magistrate issued a warrant authorizing the "search [of] any person or vehicle found on the premises or curtilage" of the club for "alcoholic beverages and marijuana." Appellee was present at the club when the no-knock warrant was executed, and a search of her purse yielded one piece of crack cocaine.

Even though the warrant authorized the search of "any person" found on the premises, we have held that such language may not be used to broaden the scope of a search of persons not named in the warrant beyond the limits set by OCGA § 17-5-28, which "describes the maximum extent to which the particularity of description required by the Fourth Amendment may be encroached upon by the practical necessities of the search environment. [Cits.]" *Wallace v. State*, 131 Ga. App. 204, 205 (1) (205 SE2d 523) (1974). In the absence of independent probable cause for a warrantless search of a person present at the time of the search but not named in the warrant, id., the search of such a person is authorized only if the State can

demonstrate that the law enforcement officer acted under either of the two justifications provided in OCGA § 17-5-28: (1) to protect himself from attack; or (2) to prevent disposal or concealment of any contraband specifically described in the warrant. E.g., *Smith v. State*, 139 Ga. App. 129, 131 (1) (227 SE2d 911) (1976). The personal boundaries of a person not named in the warrant include personal belongings such as a purse. *Childers v. State*, 158 Ga. App. 613, 614 (281 SE2d 349) (1981).

In the instant case, there is no evidence appellee's purse was searched because the officers had a reasonable suspicion she might be armed. Instead, the State contends the search of her purse was proper because she might have concealed marijuana or half pints of liquor inside the purse. We do not agree. The record does not reveal that appellee was anything other than a visitor to the club. See id. at 615. While the State's brief contains allegations regarding her relationship to the club owners, we cannot consider factual statements in the briefs that are not supported by the record. *Bonds v. State*, 188 Ga. App. 135 (372 SE2d 448) (1988). Since no testimony was presented at the motion hearings, there is no competent evidence in the record to establish a nexus between appellee and the alleged illegal activities at the club, and thus no reasonable basis for suspecting she might be concealing either liquor or marijuana, the contraband named in the warrant. See *Childers*, supra at 614-615; compare *Bonds*, supra. Absent any other evidence showing independent probable cause for a warrantless search of appellee, see *Wallace*, supra at 205 (1), we find the officer did not have probable cause to search appellee's purse, and accordingly we affirm the trial court's ruling.

*Judgment affirmed. McMurray, P. J., concurs. Carley, C. J., concurs specially.*

CARLEY, Chief Judge, concurring specially.

I am constrained to concur with the majority's affirmance of the trial judge's grant of the motion to suppress in this case because, as pointed out by the majority, no testimony was presented at the motion hearings and "we cannot consider factual statements in the briefs that are not supported by the record." (Majority opinion p. 794.) However, I am also constrained to opine that if there had been uncontradicted probative evidence of the allegations contained in the brief, this case would be controlled by *Bonds v. State*, 188 Ga. App. 135 (372 SE2d 448) (1988) and it would have been error to grant the motion to suppress.

DECIDED MAY 29, 1990.

*James L. Wiggins, District Attorney, Timothy G. Vaughn, Assis-*

*tant District Attorney*, for appellant.
*Steven M. Harrison*, for appellee.