## 66247. BUNDY v. THE STATE.

SHULMAN, Chief Judge.

Appellant was a visitor in a house trailer at the time it was searched pursuant to a search warrant. A search of appellant uncovered a gun and a small amount of cocaine. When appellant's motion to suppress these items was denied, he obtained a certificate of immediate review and sought interlocutory review of the trial court's action. We granted appellant's application for interlocutory appeal from the denial of his motion to suppress. We reverse.

The transcript of the motion to suppress hearing reveals the following: police officers arrived at the house trailer residence of John "Pop" Taylor, armed with a warrant authorizing the search of Taylor and the residence for narcotics. The officers secured the residence and ordered all the occupants into one room. A chair was searched and appellant was told to sit in it. An officer was also placed in that room to maintain custody of the occupants. The residence was searched and approximately one hour after the commencement of the search, a pat down search of appellant was performed. A loaded derringer was discovered in the back pocket of appellant's pants, and further searching uncovered a small amount of cocaine in a plastic bag in appellant's right shoe.

The officer who searched appellant stated that he had searched the trailer's occupants after another officer had indicated that persons present in the dwelling should also be checked. He added that searching an individual under the circumstances was a practice he routinely undertook for his own safety. He did admit, however, that appellant had made no threat or gesture which caused the officer to fear for his safety and that he, the officer, had no prior knowledge of appellant at the time of the arrest.

Searches of persons not named in a search warrant but found on the premises to be searched when the warrant is executed are illegal absent independent justification for a personal search. *Wyatt v. State,* 151 Ga. App. 207 (1) (259 SE2d 199). OCGA § 17-5-28 (Code

Ann. § 27-309) provides two such justifications: "In the execution of the warrant the officer executing the same may reasonably detain or search any person in the place at the time: (1) To protect himself from attack; or (2) To prevent the disposal or concealment of any instruments, articles, or things particularly described in the search warrant." Before an officer may conduct a search pursuant to § 17-5-28 (1) (Code Ann. § 27-309), he " 'must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous.' " *Wyatt,* supra, p. 210. The trial court concluded that the officer's fears for his safety were reasonable and that the routineness with which the officer searched people under these circumstances supported the reasonableness of the officer's actions. We must disagree.

"Upon seeing [Bundy, the police] neither recognized him as a person with a criminal history nor had any particular reason to believe that he might be inclined to assault them. Moreover, as [the searching officer] later testified, [appellant], whose hands were empty, gave no indication of possessing a weapon, made no gestures or other actions indicative of an intent to commit an assault, and acted generally in a manner that was not threatening." Ybarra v. Illinois, 444 U. S. 85, 93-94 (100 SC 338, 62 LE2d 238). Furthermore, the officer's one-hour delay in searching appellant is inconsistent with any fear on his part. "In short, the State [was] unable to articulate any *specific fact* that would have justified a police officer at the scene in even suspecting that [appellant] was armed and dangerous . . . The 'narrow scope' of the *Terry* [v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)] exception does not permit a frisk for weapons on less than reasonable belief or suspicion *directed at the person to be frisked,* even though that person happens to be on premises where an authorized narcotics search is taking place." (Emphasis supplied.) Id. In Ybarra, police armed with a search warrant for a tavern and a bartender searched a tavern patron pursuant to an Illinois statute identical to OCGA § 17-5-28 (Code Ann. § 27-309). The United States Supreme Court reversed the tavern patron's conviction on the ground that the search of the patron and the seizure of contraband from him contravened the Fourth and Fourteenth Amendments. That court also noted that the Illinois statute, which matches § 17-5-28 (Code Ann. § 27-309) verbatim, "does not define the elements of a substantive criminal offense under state law. The statute purports instead to authorize the police in some circumstances to make searches and seizures without probable cause and without search warrants. This state law, therefore, falls within the category of statutes purporting to authorize searches without probable cause, which the Court has not hesitated to hold invalid as authority for

unconstitutional searches. [Cits.]" Ybarra v. Ill., supra, 444 U. S. at 96, n. 11. Inasmuch as the police officer had no reasonable belief that appellant was armed or was a threat to his safety, his search of appellant was illegal and the fruits of that search and the more extensive one which followed should have been suppressed. See Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441); *Young v. State,* 155 Ga. App. 598 (1) (271 SE2d 731).

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983 — 

*William Ralph Hill, James A. Secord,* for appellant.
*David L. Lomenick, Jr., District Attorney, M. Ann Patterson, Assistant District Attorney,* for appellee.