## 74918. JENKINS v. THE STATE.
### (363 SE2d 35)

POPE, Judge.

Jameson W. Jenkins, Sr. brings this appeal from his conviction and sentence of possession of less than one ounce of marijuana. His sole enumeration cites as error the denial of his motion to suppress the marijuana illegally seized from his person. *Held*:

On August 14, 1986 an investigator for the Spalding County Sheriff's Department obtained a warrant to search the premises located at "Pinedale Trailer Park Lot # 9, 4241 Old Atlanta Road, Griffin, Spalding County, Georgia. Trailer to be occupied by Ricky Clark and Barry Bunn." The warrant authorized the search of the described premises and the persons of "Ricky Clark, Barry Bunn & other persons." When the warrant was executed on August 15, defendant was in the front yard of the premises along with seven others, including one of the persons named in the warrant; no one was in the trailer at the time. They appeared to be working on an automobile. Defendant and the others were handcuffed and taken inside the trailer where they were searched. The subject marijuana was seized from defendant's right front pants pocket and he was then placed under arrest. The arresting officer testified that the defendant, who was previously unknown to the officers, was detained and searched solely on the basis of the "other persons" language in the search warrant, "[n]ot because he did or didn't do anything."

Defendant contends that the search of his person was without

probable cause and was also beyond the scope of OCGA § 17-5-28. "OCGA § 17-5-28 provides that in the execution of the search warrant the officer executing the same may reasonably detain or search any person in the place at the time (1) to protect himself from attack or (2) to prevent the disposal or concealment of any instruments, articles, or things particularly described in the search warrant. This statute by necessary implication describes the limited circumstances in which the executing officer may search persons not identified in the warrant incident to a legitimate search of premises." (Citation and punctuation omitted.) *Brown v. State*, 181 Ga. App. 768, 770 (353 SE2d 572) (1987). "With particular regard to the 'other persons' clause in this warrant, we note that this language gives police no authority to search persons other than [Ricky Clark and Barry Bunn] unless such search falls within the ambit of [OCGA § 17-5-28, which] 'describes the maximum extent to which the particularity of description required by the Fourth Amendment may be encroached upon by the practical necessities of the search environment. Thus, if defendant's search is to be upheld on the basis of the warrant, the [S]tate must demonstrate that the officer acted under either of the two justifications provided by [OCGA § 17-5-28].' " *Campbell v. State*, 139 Ga. App. 389, 390-391 (228 SE2d 309) (1976), cert. den., 429 U. S. 1083 (1977).

In the affidavit in support of the search warrant, the sheriff's investigator stated: "Within the past five (5) days I have received information from a reliable confidential informant who tells me that Ricky Clark and Barry Bunn have now within their possession in the described trailer a quantity of marijuana which they are selling. . . . This reliable confidential informant is familiar with marijuana by sight, smell and the different manner in which it is packaged for distribution. This reliable confidential informant tells me that within the past five (5) days that he has been present at the described trailer with Ricky Clark and Barry Bunn, and that while this informant was present he observed Clark and Bunn sell quarter ounces of marijuana to three other person(s) who came to the trailer. This investigator has received information from three (3) other confidential sources within the past six (6) months who have advised that Ricky Clark is a user and dealer of marijuana in the Griffin/Spalding County area. Personal observation of the trailer within the past five (5) days has shown a large amount of traffic come and go from the trailer after staying only a short period of time. This investigator has also observed two known drug dealers come and go from the residence within the past five (5) days. This investigator contacted Mr. Willie Fields who owns the trailer and the property which is to be searched. Mr. Fields advised that the trailer is rented to Ricky Clark, but a[n] unknown white male is also living in the trailer. Mr. Fields further states that he has

personally observed a large amount of traffic coming and going from the trailer. A record check on Ricky Clark shows that he has been arrested on November 30, 1975 and on April 15, 1984 and charged each time with violation of the Georgia Controlled Substances Act."

"In the case before us the officers properly entered under a warrant to search [Ricky Clark and Barry Bunn], their [premises], and any persons present who might reasonably be involved in the crime of possession of illegal drugs. The [premises] had been under surveillance and the police had knowledge that drugs were . . . sold there, according to the affidavit. The persons present were [all standing together in the small yard of the premises]. The drugs involved . . . might easily be passed from person to person. Under these circumstances . . . we hold the search not unreasonable under Fourth Amendment standards, and authorized by the terms of the warrant. It is well to point out that the same result would not obtain under all circumstances. . . . [H]ad there been no reason to believe the [premises were] frequented by persons illegally purchasing drugs, the search could not be justified as a mere routine procedure. . . . The evidence here . . . is sufficient to support the search under the warrant charging a possessory offense and in accordance with [OCGA § 17-5-28 (2).]" (Indention omitted.) *Willis v. State*, 122 Ga. App. 455, 458-459 (177 SE2d 487) (1970). See *Clark v. State*, 184 Ga. App. 380 (3) (361 SE2d 682) (1987), and cits.; cf. *Wyatt v. State*, 151 Ga. App. 207 (1b) (259 SE2d 199) (1979).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 29, 1987 —
REHEARING DENIED NOVEMBER 16, 1987.

*M. Michael Kendall*, for appellant.
*John T. Newton, Jr., Solicitor*, for appellee.