75994. COLLINS v. THE STATE.
(370 SE2d 648)

BIRDSONG, Chief Judge.
This Court granted appellant's application for interlocutory appeal to examine the trial court's ruling denying Collins' motion to suppress the results of a search conducted by the Baldwin County Sheriff's Department at "the residence located at 104 Oglethorpe Avenue, Baldwin County, Georgia; the curtilage thereof, *and any individuals and vehicles present at such times as the search warrant is executed.*" (Emphasis supplied.) The affiant for the application of the search warrant stated that a "concerned citizen" had two close relatives who had been furnished crystal methamphetamine at the described location by a "white male" whose last name was "Prevatt." The affiant said that he had, in the past, received information from several informants regarding sales of illegal drugs at this residence.

Surveillance by the affiant of this residence revealed a high volume of traffic in-and-out of Prevatt's house. Because of the ease in flushing crystal methamphetamine down a toilet or a sink, a "no-knock" warrant was issued, and the magistrate checked the block authorizing search of "other persons. . . ." However, an attached sheet extended the "scope of this search warrant" to include "any individuals and vehicles present at such time as the search warrant is executed."

The warrant was executed a few minutes before midnight on May 29, 1987. While the search was under way, the appellant, Mrs. Margie Collins, drove up and parked in the front yard of this residence. When she attempted to enter the front door the police brought her into the house and the officer in charge directed one of the deputies to search her pickup truck. A blue metal can was found on the front seat and when it was opened it was found to contain one marijuana cigarette and "marijuana residue, a few seeds. . . ." After Mrs. Collins had entered the house, the officer recognized her as the wife of an individual he had seen stopped in this truck on an occasion approximately one and one-half years before when a search revealed cocaine and marijuana and the occupant, Mr. Collins, had been arrested but the officer cannot say with certainty that he connected Mrs. Collins with her husband before he directed the officer to search the truck. Further, while the officer had this house under surveillance, this truck, or one similar to it, had visited the house several times. The trial court denied appellant's motion to suppress and we granted the application for interlocutory appeal. *Held*:

The U. S. and Georgia Constitutions guarantee the right to our citizens to be secure from unreasonable searches and seizures, and that no warrant shall issue except upon probable cause "particularly describing the place to be searched, and the persons or things to be seized." Fourth Amendment, United States Constitution. This requirement for particularity forbids the issuance of general exploratory warrants. *Lo-Ji Sales v. New York*, 442 U. S. 319 (99 SC 2319, 60 LE2d 920). "A general warrant is of course void. By definition it is 'one which does not sufficiently specify the place or the person to be searched.'" *Willis v. State*, 122 Ga. App. 455, 457 (177 SE2d 487). In the instant appeal the warrant authorized the search of the described premises, and all persons and vehicles found on the premises. This lack of particularity as to the persons and vehicles is generally cited as the basis for an attack on the warrant. If the court finds the warrant does "sweep so broadly and with so little discrimination [it is] obviously deficient in techniques required by the Due Process Clause of the Fourteenth Amendment" (*Marcus v. Search Warrants*, 367 U. S. 717, 733 (81 SC 1708, 6 LE2d 1127)), and items seized in the unauthorized general search will be suppressed.

A citizen does not, by mere presence at a suspect place, lose his

constitutional right from unreasonable search of his person and his property to which he otherwise would be entitled. *United States v. Di Re*, 332 U. S. 581 (2) (68 SC 222, 92 LE 210); *Wood v. State*, 224 Ga. 121, 124 (160 SE2d 368); *Hayes v. State*, 141 Ga. App. 706, 708 (234 SE2d 360). However, our Code, OCGA § 17-5-28, authorizes inclusion in a search warrant of "other persons" on the premises being searched, and this Court has held that inclusion of such wording does not automatically convert an otherwise valid warrant into a general warrant. See *Campbell v. State*, 139 Ga. App. 389 (2) (228 SE2d 309). But, as we observed in *Wallace v. State*, 131 Ga. App. 204, 205 (205 SE2d 523), the inclusion of this language does not increase the power or authority of the executing officer beyond the terms of the statute authorizing this type search, i.e., (1) to protect the officer from attack, and (2) to prevent disposal or concealment of any instruments, articles, or things "particularly described in the search warrant." Thus, to uphold a search of a person or vehicle not particularly described in the warrant, who is then on the premises, the State must demonstrate that the searching officer acted under one of the two statutory paragraphs justifying the expanded scope of his search. *Wyatt v. State*, 151 Ga. App. 207, 209 (259 SE2d 199). We must not forget that a search which is reasonable at its inception, will become unreasonable under the Fourth Amendment if it exceeds the scope of the warrant. *Terry v. Ohio*, 392 U. S. 1 (14) (88 SC 1868, 20 LE2d 889). Hence, at issue is whether the evidence supports a finding of either of the two permissible grounds for expanding the scope of the search.

Appellant's innocuous behavior did not give the officers any reasonable ground to believe she was armed or dangerous, and it would have been impossible for her to conceal or dispose of any evidence from the premises by placing it in her truck because she arrived after the search was in progress and was under constant surveillance and custody of the police following her arrival. Although weapons were found in the truck, appellant did not have access to such weapons after her entry into the house being searched. We also find that the information possessed by the executing officer, that appellant's husband had used this truck one and one-half years before to transport drugs, and that a similar truck had been seen at these premises within the last "several weeks," is insufficient to establish probable cause to believe appellant was presently possessing drugs within this vehicle, because "probable cause" is "more than mere suspicion or possibility" that this offense is being committed. *Lewis v. State*, 255 Ga. 101, 104 (335 SE2d 560).

This Court has had several occasions to construe the validity of a search at a residence in which the warrant included "other persons" on the premises, and the officers searched an individual who arrived after the search had commenced. We found that under those circum-

stances the provisions of OCGA § 17-5-28 were inapplicable, and when no independent probable cause to search the suspect was established, we found the search invalid. *Brown v. State*, 181 Ga. App. 768 (1) (353 SE2d 572); *Smith v. State*, 139 Ga. App. 129 (227 SE2d 911); *Wallace v. State*, 131 Ga. App. 204 (205 SE2d 523).

Accordingly, because the search exceeded the legitimate scope of the search warrant, was unsupported by independent probable cause, and did not come within either of the exceptions of OCGA § 17-5-28, the search of appellant's pickup truck was unauthorized and illegal. *Wyatt*, supra (1).

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 7, 1988.

*Shane M. Geeter*, for appellant.
*Joseph H. Briley, District Attorney, Albert C. Martinez, Jr., Assistant District Attorney*, for appellee.