## A90A0457. BENHAM v. THE STATE.
(395 SE2d 658)

COOPER, Judge.

Appellant and five co-defendants were tried before a jury on

charges of violating the Georgia Controlled Substances Act. Following his conviction, appellant brings this appeal enumerating as error the denial of his motion to suppress.

The affiant/officer who applied for the search warrant stated in his affidavit that a reliable confidential informant had personally observed drugs being sold at a house located at 113 Bartow Street, which was the residence of a male named "Ronnie." The affiant/officer corroborated this information by talking with another confidential informant, who told him that the house was known as a place "where you could by (sic.) anything you want" and by talking with a member of another local law enforcement agency, who told him that the residence was that of a man named "Ronnie Brown" and that he also had information from informants that there were sales of drugs going on at that location. Based on the affiant/officer's statement that weapons were present at the residence, a "no-knock" search warrant was issued authorizing the search of the described residence. The relevant facts as adduced from the evidence at trial and the hearing on appellant's motion to suppress show that the search warrant was executed as follows: The officer who applied for the search warrant along with six other officers from two local law enforcement agencies went to the residence of Ronnie Brown prepared to enter unannounced. However, due to a problem with the door handle, the officers were forced to knock on the door and upon gaining entry to the house, their presence was immediately announced by a female occupant of the house. The first officer inside observed one of the co-defendants running down the hall and pursued him into the bathroom, where the officer was able to retrieve three bags of crack cocaine from the recently flushed commode. The rest of the officers secured the residence by accounting for and patting down all of the occupants and having them kneel on the floor. Appellant and another co-defendant, who were sitting on the bed in the master bedroom when the officers entered, were also patted down and ordered to kneel next to the bed. All of the occupants of the house were searched individually, and the search of appellant revealed two plastic bags and a tinfoil packet, each containing crack cocaine.

Appellant contends that the bodily search done by the officers was not authorized because the search warrant did not authorize the search of any and all other persons found on the premises. Although the officer requested that the search warrant include all vehicles, buildings and persons located within the curtilage of the residence, the search warrant only authorized the search of the premises described therein. OCGA § 17-5-28 provides: "In the execution of the search warrant the officer executing the same may reasonably detain or search any person in the place at the time: (1) To protect himself from attack; or (2) To prevent the disposal or concealment of any

instruments, articles or things particularly described in the search warrant." "[T]o uphold a search of a person or vehicle not particularly described in the warrant, who is then on the premises, the State must demonstrate that the searching officer acted under one of the two statutory paragraphs justifying the expanded scope of his search. [Cit.]" *Collins v. State*, 187 Ga. App. 430, 432 (370 SE2d 648) (1988). The State argues that since the officers had already witnessed one of the co-defendants attempting to dispose of drugs in the commode, the search was justified to prevent the further disposal or concealment of contraband. We note at the onset that the record is devoid of any evidence that appellant was attempting to conceal or dispose of contraband and his close proximity to a trash can where drugs were also found does not demonstrate an attempt to conceal drugs, particularly in light of testimony that the drugs found in the trash can were packaged significantly different that those found on appellant. Nor does the record disclose that the patdown search of appellant led to the discovery of any object which the officers might reasonably have believed to be a weapon or concealed contraband. It is clear that the search warrant did not authorize the search of "other persons," and in the absence of a reasonable belief that appellant was armed or concealing contraband, the fruits of the officer's more extensive search should have been suppressed. *Bundy v. State*, 168 Ga. App. 90 (308 SE2d 213) (1983).

*Judgment reversed. Banke, P. J., and Birdsong, J., concur specially.*

BIRDSONG, Judge, concurring specially.

This special concurrence is written to stress certain matters which I deem important in the disposition of this case.

In addition to the facts stated by the majority, it is important to emphasize that the police in their affidavit requested a warrant which authorized them to search other persons found on the premises, but the magistrate signed a warrant which contained authorization to search the residence of a man named Ronnie. Thus, we are not asked to construe the scope of a warrant containing a general provision authorizing the search of anyone found on the premises.

Appellant was found sitting on a bed in the bedroom with another man. Both men were *patted down* for weapons. No drugs were found on appellant and neither was any object found on him which felt like a weapon. Appellant subsequently was subjected to a *search*, apparently based on the officers' belief they were executing the terms of the search warrant, and at this time drugs were found on his person. The record is devoid of any testimony by the police officers that they had reason to believe appellant was armed and dangerous at the time he was searched, or that they had reason to believe appellant

was in the possession of contraband which he might destroy or conceal.

This case clearly is distinguishable from *Travis v. State*, 192 Ga. App. 695 (385 SE2d 779) where appellant's presence on the premises at the time the warrant was executed, coupled with his flight, provided probable cause for a belief that he was in possession of, or was at least a party to the possession of, unlawful contraband; thereby warranting his lawful custodial arrest and search pursuant thereto. Id. at 696. Likewise, *Jenkins v. State*, 184 Ga. App. 844 (363 SE2d 35) is distinguishable as, unlike the case sub judice, the *Jenkins* warrant authorized not only a search of the premises and two named individuals, but of "other persons" as well.

"A citizen does not, by mere presence at a suspect place, lose his constitutional right from unreasonable search of his person and his property to which he otherwise would be entitled." *Collins v. State*, 187 Ga. App. 430, 431-432 (370 SE2d 648), citing *United States v. Di Re*, 332 U. S. 581 (2) (68 SC 222, 92 LE 210) and *Wood v. State*, 224 Ga. 121, 124 (160 SE2d 368). Even searches of "other persons" on premises being searched under a warrant are illegal, absent independent justification for a search of the person. *Bundy v. State*, 168 Ga. App. 90 (308 SE2d 213); *Childers v. State*, 158 Ga. App. 613 (281 SE2d 349); *Wyatt v. State*, 151 Ga. App. 207, 208 (259 SE2d 199); *Hayes v. State*, 141 Ga. App. 706, 708 (234 SE2d 360); *Smith v. State*, 139 Ga. App. 129, 130 (1) (227 SE2d 911); *Brown v. State*, 133 Ga. App. 500 (211 SE2d 438). The record fails to demonstrate a lawful basis for the subsequent search of appellant for drugs, conducted a short time after his legitimate but uneventful pat down for weapons. Accordingly, I concur with the majority.

I am authorized to state that Presiding Judge Banke joins in this special concurrence.

DECIDED JULY 5, 1990.

*Brett W. Ladd*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.