## A91A2253. CONDON v. THE STATE.
### (416 SE2d 802)

CARLEY, Presiding Judge.

Appellant pled guilty to charges of possession of cocaine and marijuana. Pursuant to *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991), he appeals and enumerates as error the denial of his motion to suppress.

The facts are undisputed. Narcotics officers obtained a warrant to search a residence. Appellant was neither a resident of the premises to be searched nor was he named in the warrant. However, appellant did drive his truck onto the premises while the warrant was being executed. An officer told appellant to step from his truck and, when appellant complied, the officer frisked him for weapons. After completing the frisk, the officer glanced into appellant's truck and saw, in plain view, a bag of marijuana. Appellant was then arrested and a subsequent search of his truck resulted in the discovery of cocaine.

The marijuana was not discovered as the result of a search of appellant or his truck. Compare *State v. Anderson*, 195 Ga. App. 793 (395 SE2d 50) (1990); *Bundy v. State*, 168 Ga. App. 90 (308 SE2d 213) (1983). It was discovered in plain view while the officer and appellant were standing outside the truck. However, appellant urges that the marijuana should nevertheless be suppressed because the officer had secured his vantage point for the purpose of conducting an unauthorized frisk. See *State v. Brown*, 198 Ga. App. 239 (401 SE2d 295) (1990).

"In the execution of [a] search warrant the officer executing the same may reasonably detain or search any person in the place at the time . . . [t]o protect himself from attack. . . ." OCGA § 17-5-28 (1). Under this Code section, the frisk of an individual who is a visitor on the premises and who is not named in the warrant must be justified by the officer's reasonable belief that it is necessary. *Ybarra v. Illinois*, 444 U. S. 85 (100 SC 338, 62 LE2d 238) (1979); *Wyatt v. State*, 151 Ga. App. 207, 209 (1a) (259 SE2d 199) (1979). It appears that the warrant that was issued in the instant case authorized a search for drugs. It is not unreasonable for officers to anticipate that those who are suspected of involvement in the drug trade might be armed. See *Hayes v. State*, 202 Ga. App. 204 (414 SE2d 321) (1991) (knowledge of officers that " 'firearms are "tools of the (drug) trade" ' "). See also *State v. Hawkins*, 187 Ga. App. 826, 828 (2) (371 SE2d 668) (1988) (applying OCGA § 17-5-28 (1) in the context of execution of a search warrant for drugs). Moreover, appellant arrived on the scene in a truck. See *Hayes v. State*, supra at 205 (noting that " 'investigative detentions involving suspects in vehicles are especially fraught with danger to police officers.' [Cit.]"). Compare *Ybarra v. Illinois*, supra. Under these circumstances, the officer was clearly authorized to direct

that appellant step from his truck and submit to a frisk for weapons and the motion to suppress was correctly denied as to the marijuana found in plain view. See *Delgado v. State*, 192 Ga. App. 356 (384 SE2d 680) (1989).

It follows that appellant's arrest for possession of marijuana was authorized and that the subsequent search of his truck was authorized as incident thereto. *State v. Hopkins*, 163 Ga. App. 141, 142 (2) (293 SE2d 529) (1982). Accordingly, the motion to suppress was correctly denied as to the cocaine that was found in the search of the truck.

*Judgments affirmed. Beasley, and Johnson, JJ., concur.*

DECIDED MARCH 3, 1992.

*Summer & Summer, Daniel A. Summer,* for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney,* for appellee.