A93A0610. McMICHEN v. STATE OF GEORGIA.
(433 SE2d 92)

BLACKBURN, Judge.

The state filed the instant forfeiture action pursuant to OCGA § 16-13-49 to recover a 1978 Chevrolet Custom Deluxe pickup truck and two tires seized by the Villa Rica Police Department and owned by the appellant, Kenneth Orlando McMichen, alleging that the property was used to facilitate a violation of the Georgia Controlled Substances Act. The appellant responded and denied that the pickup had been used to facilitate such a violation. Following a hearing, the trial court declared that the pickup truck was forfeited to the Villa Rica Police Department, but ordered the return of the tires to the appellant. The appellant subsequently entered a plea of guilty to possession of cocaine. This appeal followed the trial court's forfeiture of the appellant's truck.

At the hearing on the appellant's motion to suppress, Officer Kevin Bearden with the Villa Rica Police Department testified that on October 21, 1991, while patrolling a known drug area in Villa Rica, he saw the appellant driving the pickup truck in question. The appellant was accompanied by a man known as "Doodle Bug" who had been suspected of selling drugs in the area. Officer Bearden had previously received information from a reliable, confidential informant and a concerned citizen on Doodle Bug's drug activity as well as the techniques that he used to sell drugs. According to the confidential informant and the concerned citizen, the buyers of the drugs would pick up the dealer, drive to one of two locations within a mile of the suspected drug area, and after the completion of the transaction, the buyer would return the dealer to the original location. As predicted, the officer observed the appellant and Doodle Bug leave the area in the pickup truck, and approximately five minutes later, the two men returned. Doodle Bug subsequently exited the truck. Officer Kevin Phillips also observed the two men leave and return to the known drug area. Thereafter, Officer Bearden proceeded to follow the appellant out of the drug area, and stopped the appellant's vehicle based

upon the suspected drug activity that he had observed. The officer checked the appellant's driver's license and insurance card, and requested that the appellant consent to a search of the truck. After the officer informed the appellant of his observations and the basis for his stop, the appellant verbally consented to the search of the truck. Officer Phillips, who was also present after the appellant was stopped, completed a consent to search form and obtained the appellant's written consent to search the truck. During the search, Officer Bearden found 19.9 grams of cocaine. At no time did the appellant withdraw his consent to the search of the truck.

During his testimony, the appellant stated that he was not aware that he had a right to refuse to consent to the search of his vehicle and was not informed of such right. He admitted that he signed the consent form, but he did not read the contents of the form. However, he was informed that if he did not sign the consent form, he would have to wait until a search warrant was issued.

1. In his first enumeration of error, the appellant contends that the trial court erred in denying his motion to dismiss the state's forfeiture complaint for the state's failure to have the complaint verified by an authorized agent at the time of the initial filing. We disagree.

In actions seeking the forfeiture of property, "[t]he complaint shall be verified on oath or affirmation by a duly authorized agent of the state. . . ." OCGA § 16-13-49 (o) (1). Although the initial complaint filed by the state did not contain a verification of an authorized agent of the state, the state subsequently amended its forfeiture complaint to include the verification of a representative of the Villa Rica Police Department. In *State of Ga. v. Jackson*, 197 Ga. App. 619, 623 (2) (399 SE2d 88) (1990), this court concluded that "[s]ince OCGA § 16-13-49 does not declare a penalty for lack of strict compliance, nor otherwise prohibit the procedure followed by the State, the statute is regarded as directory under these circumstances and substantial compliance is sufficient. [Cits.]" See also *Lang v. State*, 168 Ga. App. 693 (4) (310 SE2d 276) (1983). Further, subsection (z) of this Code section specifically provides that the Code section "must be liberally construed to effectuate its remedial purposes." Inasmuch as the state amended its complaint to include the requisite verification, and therefore, substantially complied with the statute, we conclude that the trial court did not err in failing to grant the appellant's motion to dismiss.

2. In his second enumeration of error, the appellant asserts that the trial court erred in failing to conclude that the search and the seizure of the contraband was unlawful. "It is clear, however, that merely approaching an individual and requesting that he give his consent for a search does *not* constitute a seizure. . . . '(E)ven when officers have no basis for suspecting a particular individual, they may

generally ask questions of that individual, (cits.); ask to examine the individual's identification, (cits.); and request consent to search. . . .' [Cit.]" *State v. Westmoreland*, 204 Ga. App. 312 (1) (418 SE2d 822) (1992). It is undisputed that the appellant provided the officers with both verbal and written consent to search the truck. Since the contraband was discovered during a consensual search of the truck, this enumeration is without merit.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 11, 1993 —
RECONSIDERATION DENIED JUNE 24, 1993.

*Thomas E. Maddox, Jr.*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.