A93A0274. SETSER v. THE STATE.
(432 SE2d 652)

SMITH, Judge.

Billy Setser was charged with possession of marijuana, OCGA § 16-13-30 (a), and possession of a firearm by a convicted felon, OCGA § 16-11-131 (b). After his motion to suppress was denied he

pleaded guilty to both offenses, specifically reserving the right to appeal the denial of his motion to suppress. See *Mims v. State*, 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991).

1. Setser contends the trial court erred in denying the motion to suppress because his person was searched without probable cause. At the suppression hearing, Officer Dennis Smith of the Cumming Police Department testified that he and several other officers were at an intersection in Cumming engaged in the consent search of a vehicle in which drugs had been found when Setser drove up in his car. Setser exited his car and Smith approached, asked why he was there, and shone his flashlight into Setser's car to make sure no weapons were present. Because he observed what appeared to be marijuana seeds on the floorboard of the car and a white pill on the seat, he requested Setser's permission to search the car, which was given. Smith and two other officers conducted the search. Smith found a deer rifle and a shotgun in the back seat, and one of the other officers found a black powder gun under the front seat. Smith testified that at that point he patted Setser down to make sure he had no weapons on his person. This was corroborated by one of the other officers. During the patdown, Setser informed Smith that he had some rolled marijuana cigarettes in his pockets and started to take them out.

Setser's testimony conflicted with that of Smith as to the sequence of events. He testified that he was called by friends to assist them with a car he had sold them that had broken down. He maintained that when he arrived at the scene he was first frisked, and then the car was searched. It is unclear from his testimony whether he volunteered that he had the marijuana in his pockets or the officers intruded into his pockets to retrieve them, although he testified he did volunteer that he had a knife they had missed. Setser explained that when asked if the car could be searched he had replied, "[y]eah, go ahead" because he had been arrested previously several times for DUI and, since on each previous occasion police had conducted a search, he believed they would do so on this occasion whether or not he consented.

It is immaterial whether the patdown of Setser or the look into his car occurred first. Although Setser's arrival at a location where a search for drugs was in progress "may not have been sufficient to establish probable cause to believe that [he] was actually engaged in the suspected drug activity, it was certainly sufficient to establish an articulable suspicion so as to authorize a brief investigatory stop. . . . [Cits.]" *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991). To protect themselves, the officers were authorized, pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), to frisk Setser and to shine a flashlight into his car, looking for weapons. *Hayes*, supra at 205-207.

At a motion to suppress hearing, the judge sits as the trier of fact. The findings made at such a hearing are analogous to a jury verdict, and should not be disturbed on appeal if there is any evidence to support them. *Ward v. State*, 193 Ga. App. 137, 138 (387 SE2d 150) (1989). Although the testimony arguably conflicts as to whether Setser volunteered that he was carrying marijuana, the trial court was authorized to believe the officer's testimony that this was true. When Setser volunteered that he had marijuana in his pockets, the officers were not required to ignore this information, but had probable cause to seize it.

2. Setser also contends that his consent to search the car was not given voluntarily but because he had no other choice. Setser clearly consented to the search. We agree with the trial court that although his consent may have been the product of his erroneous assumption, based on previous arrests, that the officers would proceed with a search anyway, such an erroneous assumption does not constitute coercion. His consent was not prompted by anything these officers said or did. See *Mayfield v. State*, 186 Ga. App. 233, 235 (366 SE2d 836) (1988) (appellant's consent to search trunk of car may have been prompted by his own feelings that a search warrant would otherwise be obtained, but was not brought on by trooper's coercion, and thus was valid). The consent was valid.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 15, 1993.

*Donald W. Singleton*, for appellant.

*Garry T. Moss, District Attorney, C. David Gafnea, Assistant District Attorney*, for appellee.

