## A94A0924. McGUGAN v. THE STATE.
### (451 SE2d 460)

POPE, Chief Judge.

Following a bench trial, defendant Rodney Nicholas McGugan was convicted of trafficking in cocaine. He appeals, enumerating as error the denial of his motion to suppress.

The record and transcripts reveal the following: Agents with the Northeast Georgia Narcotics Task Force obtained a warrant to search the person and residence of Anthony Eugene Crane based on the belief that cocaine was being sold out of and used on the premises. Although the affidavit used to procure the warrant requested that the warrant include an "any other persons" clause, the warrant which was issued pertained only to Crane and the premises.

The warrant was executed on January 12, 1993. Deputy Richard Jewell of the Habersham County Sheriff's Department was stationed outside the premises to secure the scene while the search was being conducted. Deputy Jewell observed defendant drive by the residence and then back into the driveway. Deputy Jewell approached defendant's vehicle, identified himself as a law enforcement officer, informed defendant a search of the premises was in progress and instructed defendant to step out of his vehicle. Deputy Jewell testified "[defendant] became very nervous and started looking around, and at that point because of his actions, I advised him again to step out of the vehicle." When the defendant did not comply with the deputy's second request to exit the vehicle, Deputy Jewell opened the door and for the third time instructed defendant to step out of the vehicle. De-

fendant complied, and although defendant tried to pull away, Deputy Jewell placed defendant against the vehicle and proceeded to frisk him for weapons. Testimony was presented that while patting down defendant, Deputy Jewell felt a "rather large," hard object inside defendant's left inside jacket pocket and asked defendant to identify the object. Defendant did not respond to the request and Deputy Jewell reached inside defendant's pocket and removed a plastic bag containing a substance subsequently identified as approximately two ounces of cocaine. Deputy Jewell testified the reason he retrieved the object from defendant's pocket was because defendant failed to respond to his request to identify the object.

Defendant challenges the denial of the motion to suppress, arguing that the search of an individual such as the defendant who is not named in the search warrant but is merely on the premises during the execution of the warrant is illegal absent independent justification. The State concedes that defendant was not named in the search warrant but argues the search was proper under the authority contained in OCGA § 17-5-28.

"In the execution of a search warrant the officer executing the same may reasonably detain or search any person in the place at the time to protect himself from attack. OCGA § 17-5-28 (1). Under this Code section, the frisk of an individual who is a visitor on the premises and who is not named in the warrant must be justified by the officer's reasonable belief that it is necessary. *Ybarra v. Illinois*, 444 U. S. 85 (100 SC 338, 62 LE2d 238) (1979); *Wyatt v. State*, 151 Ga. App. 207, 209 (1a) (259 SE2d 199) (1979). It appears that the warrant that was issued in the instant case authorized a search for drugs. It is not unreasonable for officers to anticipate that those who are suspected of involvement in the drug trade might be armed. See *Hayes v. State*, 202 Ga. App. 204 (414 SE2d 321) (1991) (knowledge of officers that firearms are tools of the drug trade). See also *State v. Hawkins*, 187 Ga. App. 826, 828 (2) (371 SE2d 668) (1988) (applying OCGA § 17-5-28 (1) in the context of execution of a search warrant for drugs). Moreover, appellant arrived on the scene in a [vehicle]. See *Hayes v. State*, [202 Ga. App.] at 205 (noting that investigative detentions involving suspects in vehicles are especially fraught with danger to police officers. (Cit.)). Compare *Ybarra v. Illinois*, supra." (Punctuation omitted.) *Condon v. State*, 203 Ga. App. 163, 164 (416 SE2d 802) (1992). Moreover, in addition to the foregoing, the defendant's behavior in refusing to exit the vehicle and then resisting the officer's efforts to place him against the vehicle also warranted a reasonable belief by the officer that he might be in danger. Under these circumstances, the officer was clearly authorized to direct that defendant step from his vehicle and submit to a minimally intrusive pat-down to determine if he was armed. Id.; *Hayes v. State*, 202 Ga.

App. 204.

Defendant argues, however, that even if the officer was authorized to frisk for weapons, he exceeded the permissible scope of the limited pat-down search by reaching into defendant's pocket and retrieving what was subsequently identified as a packet of cocaine. The officer did not immediately retrieve the object from defendant's pocket, but gave defendant an opportunity to identify the object. It was only when defendant refused the officer's request to identify the object that Deputy Jewell reached inside the pocket and discovered the contraband. Defendant's refusal to identify the object, coupled with his earlier behavior in refusing to exit his vehicle upon request by the officer and resisting the officer's attempt to place him against the vehicle so that he could be frisked did, in our opinion and as found by the trial court, "create[ ] a reasonable suspicion that the defendant was armed and justified a minimally intrusive act by the officer in placing his hand in defendant's pocket to remove the hard bulge in his pocket. . . ." As the record makes clear, Deputy Jewell had no investigatory purpose, but was merely trying to determine whether appellant was armed. *Hayes* at 204. "The officer's actions were a proportionate response to those of [defendant] and, accordingly, the denial of [defendant's] motion was proper." *Hayes* at 207. Cf. *Smith v. State*, 139 Ga. App. 129 (3) (227 SE2d 911) (1976) (officer retrieved object after clearly determining that it was *not* a weapon).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 4, 1994 —
RECONSIDERATION DENIED DECEMBER 12, 1994.

*Cook & Palmour, Bobby Lee Cook, Mitchell M. Shook*, for appellant.

*Michael H. Crawford, District Attorney*, for appellee.