## A95A0110. BALES v. THE STATE.
(456 SE2d 112)

POPE, Presiding Judge.

Defendant, Jason Eric Bales, entered a conditional plea of guilty to possession of a controlled substance. His motion to suppress was denied, and this appeal followed.[1]

Police obtained a search warrant for a residence and were conducting their search when a vehicle driven by defendant approached the scene. A second man, Delwood Sparks, was a passenger in this vehicle. In the driveway, police stopped the vehicle and asked if either person in the vehicle was Stanley Norris. Both men said no. Sparks identified himself as a resident of the house. He was directed inside and arrested for having narcotics in his room.

Defendant identified himself and handed over his driver's license. The police proceeded to verify the license information and check for any outstanding warrants against defendant. While awaiting the results, police led defendant into the residence. They asked for permission to search defendant and his vehicle. Defendant refused. The police then requested permission to pat him down for weapons. Defendant agreed, and no weapons were found. An officer then said "Well, why don't you just give us your drugs?" Defendant said "[o]kay, here they are," and turned the drugs over to the police, who then arrested defendant.

Defendant asserts that this was not a valid *Terry* stop. We disagree. The officers, pursuant to a search warrant, had discovered narcotics at the residence. They were on the lookout for Stanley Norris, an occupant of the house. While the search was in progress, two males

---

[1] Although permissible on the date the plea was entered, the procedure relied upon by Bales has since been disapproved as a means of preserving issues for review in this court. *Hooten v. State,* 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994).

drove up the driveway. Defendant's arrival was sufficient to establish "an articulable suspicion so as to authorize a brief investigatory stop." *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991). See also *Setser v. State*, 209 Ga. App. 57, 58 (432 SE2d 652) (1993).

We are aware of the fact that the police found no weapons on defendant yet did not release him. However, the police were still looking for Norris and were trying to secure further information about defendant. The entire detention of defendant was less than five minutes before he turned the drugs over to police. "The U.S. Supreme Court recognized the difficulty in defining 'the elusive concept of what cause is sufficient to authorize police to stop a person,' and concluded that the essence of the elusive concept was to take the totality of the circumstances into account and determine whether the detaining officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981)." *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994).

The police clearly had an articulable reason to suspect defendant of criminal activity, since the residence at which defendant arrived contained illegal drugs, and since a passenger in his vehicle was just arrested for possession of a controlled substance. Given the totality of circumstances, the police were justified in attempting to ascertain his identity, and in checking for outstanding warrants before releasing him.

Defendant asserts that the police threatened to obtain a search warrant if he did not voluntarily turn over the drugs to them. On appeal, we are constrained to follow the trial court's decision on questions of fact and credibility at a suppression hearing, unless they are clearly erroneous. *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975). After reviewing the entire record we do not find the trial court's decision clearly erroneous. We do find that the police conducted a valid *Terry* stop and the denial of the defendant's motion to suppress was proper.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 24, 1995.

*Banks & Stubbs, Rafe Banks III,* for appellant.
*Garry T. Moss, District Attorney, C. David Gafnea, Kimberly K. Frye, Assistant District Attorneys,* for appellee.