A98A2398. EAVES v. STATE OF GEORGIA.
(511 SE2d 621)

BEASLEY, Presiding Judge.

When David Eaves drove his friend to a rural trailer to determine if his friend's sisters lived there, he had no idea it would cost him the truck he was driving as well as the two firearms he kept in the truck. Police, pursuant to warrant, were searching the trailer for drugs at the time Eaves arrived. They seized the truck and firearms from Eaves when, after obtaining Eaves' consent to a search, they found drugs in his truck. The State filed an in rem claim to have the truck and firearms forfeited under OCGA § 16-13-49 (o). Eaves unsuccessfully moved to dismiss the complaint for failure to state a claim. The court after a bench trial granted the forfeiture.

1. Eaves contends the complaint did not comply with statutory pleading requirements. OCGA § 16-13-49 (o) provides that an in rem complaint must be verified and "shall describe the property with reasonable particularity; state that it is located within the county or will be located within the county during the pendency of the action; state its present custodian; state the name of the owner or interest holder, if known; allege the essential elements of the violation which is claimed to exist; state the place of seizure, if the property was seized; and conclude with a prayer of due process to enforce the forfeiture." "This Code section must be liberally construed to effectuate its remedial purposes."[1] Substantial compliance is sufficient.[2]

Eaves claims that the complaint was deficient in four respects: (i) it was unverified; (ii) it failed to state the property was or would be located in Haralson County; (iii) it failed to identify the property's

---

[1] OCGA § 16-13-49 (z).
[2] *McMichen v. State of Ga.*, 209 Ga. App. 169, 170 (1) (433 SE2d 92) (1993).

owner; and (iv) it failed to state the place of seizure.

The State by amendment included a verification which cured that deficiency.[3] The complaint states that the State seized the property during the execution of a search warrant on a residence in Bremen, Georgia, which satisfies the need to state the place of seizure. It identifies the Tallapoosa Judicial Circuit Drug Task Force of Buchanan, Georgia, as the custodian of the items and states the property is in the jurisdiction of the Haralson County court, which shows the property was located within the county. It states that Eaves drove the truck to the place of seizure and that he had filed a claim to the property, which inferentially identifies Eaves as the owner of the property.

All the bases were covered, so the court did not err in denying the motion to dismiss.

2. Eaves argues the police lacked an articulable suspicion to detain him after his arrival at the trailer and therefore the obtaining of his consent to search his truck was tainted and ineffectual.

Eaves and his friend, a felon convicted of narcotics offenses with a history of violence directed at law enforcement officers, drove to the premises where police were executing a search warrant for drugs. With no encouragement from police, he voluntarily stopped his car and, with his hands in his pockets, approached an officer, leaving his passenger in the truck within arm's length of a loaded .357 Magnum revolver and a Derringer pistol. He inquired about two women residing at the premises, where drugs had just been found and twelve arrests made.

The officer patted Eaves down for weapons to protect himself. Eaves then announced he had the loaded .357 Magnum in the truck. The officer removed the passenger and the gun from the truck, and other officers still in the trailer were called to assist. A second officer, who knew the passenger for his violent and criminal history, asked Eaves for consent to search the truck, which Eaves gave. Illegal drugs and the Derringer pistol were found beneath the seat. The police arrested Eaves and found drugs on his person. The truck and firearms were seized.

"A valid consent eliminates the need for either probable cause or a search warrant. [Cit.]"[4] Evidence supported the court's finding that Eaves freely and voluntarily consented to the search of his truck.

But consent that is the product of an illegal detention is ineffectual.[5] Police may briefly detain someone for investigatory purposes if

---

[3] Id.; cf. *Rojas v. State of Ga.*, 269 Ga. 121, 122 (2) (498 SE2d 735) (1998) (answer may be amended to cure deficiencies).

[4] *Dean v. State*, 250 Ga. 77, 80 (2) (a) (295 SE2d 306) (1982).

[5] *Brown v. State*, 188 Ga. App. 184, 187 (372 SE2d 514) (1988).

they have an articulable suspicion of criminal conduct.[6] As in *Setser v. State*,[7] "[a]lthough [Eaves'] arrival at a location where a search for drugs was in progress may not have been sufficient to establish probable cause to believe that he was actually engaged in the suspected drug activity, it was certainly sufficient to establish an articulable suspicion so as to authorize a brief investigatory stop."[8] The consent to search resulting from Eaves' detention was valid.

Eaves contends the first officer had no right to frisk him for weapons during the detention, because he did not threaten the officer or otherwise indicate he had weapons. This sidesteps whether the consent to search the truck was the result of an illegal detention. Moreover, police may reasonably anticipate that those suspected of involvement in the drug trade might be armed,[9] and Eaves arrived in a truck. "[I]nvestigative detentions involving suspects in vehicles are especially fraught with danger to police officers."[10] He also approached with his hands in his pockets. The circumstances created an objectively reasonable apprehension which authorized the officer to frisk Eaves for weapons.[11]

Eaves' cited cases differ because in them the court determined either that no consent was given or the detention was illegal.[12] It is consistent with them to hold, as we do, that the court did not err in concluding that the truck search was proper.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

---

[6] Id. at 186; see *Terry v. Ohio*, 392 U. S. 1, 30 (V) (88 SC 1868, 20 LE2d 889) (1968).

[7] 209 Ga. App. 57 (432 SE2d 652) (1993).

[8] (Citations and punctuation omitted.) Id. at 58 (1); see *Bales v. State*, 216 Ga. App. 856, 857 (456 SE2d 112) (1995) (while police were executing search warrant and finding drugs, defendant arrived in vehicle; "[d]efendant's arrival was sufficient to establish an articulable suspicion so as to authorize a brief investigatory stop") (citations and punctuation omitted); *Claffey v. State*, 209 Ga. App. 455, 456 (1) (433 SE2d 441) (1993) ("[s]ince the lessee of the premises on which the search warrant was being executed could lawfully be detained to aid the execution of the warrant, the officers could validly approach and briefly detain the occupants of a car that had just come to a stop at the residence to determine whether any of them lived there") (citations omitted); *Condon v. State*, 203 Ga. App. 163 (416 SE2d 802) (1992) (arrival of truck at drug search in progress gave police articulable suspicion to conduct investigatory stop); cf. *Michigan v. Summers*, 452 U. S. 692 (101 SC 2587, 69 LE2d 340) (1981) (police may detain persons on premises while executing a search warrant).

[9] *Condon*, supra, 203 Ga. App. at 163.

[10] *Michigan v. Long*, 463 U. S. 1032, 1047 (III) (103 SC 3469, 77 LE2d 1201) (1983).

[11] *Condon*, supra, 203 Ga. App. at 163-164; see *McGugan v. State*, 215 Ga. App. 535, 536 (451 SE2d 460) (1994) (officer could frisk individual arriving in vehicle at scene of drug search warrant); *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991) (individual arriving in car at scene of drug surveillance could be stopped and frisked).

[12] See, e.g., *Bowers v. State*, 221 Ga. App. 886 (473 SE2d 201) (1996) (physical precedent only) (detention was illegal); *Collins v. State*, 187 Ga. App. 430 (370 SE2d 648) (1988) (no consent given).

DECIDED FEBRUARY 5, 1999.

*Thomas M. Rego*, for appellant.

*James R. Osborne, District Attorney, Thomas J. Melanson, Assistant District Attorney*, for appellee.