## A99A1116. THE STATE v. HOLMES.
### (525 SE2d 698)

PHIPPS, Judge.

The State appeals the trial court's order granting Willie Holmes's motion to suppress crack cocaine found in his possession during a warranted search of premises he was visiting. On appeal of an order concerning a motion to suppress, we must construe the evidence most favorably to upholding the trial court's order.[1] We affirm the trial court's order because the search of Holmes was not justified to protect an officer or to prevent the disposal or concealment of drugs sought in the warrant.

The following evidence was presented at the motion to suppress hearing. On July 1, 1998, several officers of the Metro Narcotics Task Force executed a search warrant on premises occupied by Sharon and Major McClendon. Based on an informant's tip, the task force had reason to believe that Sharon McClendon was in possession of cocaine. The informant did not mention Holmes, nor were the officers familiar with Holmes prior to the search. The warrant, however, authorized the officers to search the "entire premises and any persons found therein or thereupon."

When the officers drove up to the house, they saw Major McClendon and Holmes standing in the yard talking. McClendon and Holmes were approximately three feet from the side of the house closest to the road. As the officers ran toward the house, Holmes began walking away from the house. Officer Price, who was not wearing anything to indicate he was a police officer, approached Holmes and announced "police, search warrant." As Officer Price reached out to grab him, Holmes began to run away. Officer Price grabbed Holmes by his shorts and turned him around. Holmes's hands remained in his pockets the entire time.

Officer Grant told Holmes to remove his hands from his pockets. When Holmes did not respond quickly, Officer Grant removed Holmes's hands from his pockets, put him against the wall, and conducted a weapons pat-down search. During the search, Officer Grant noticed a hard round object shaped like a cookie in Holmes's pocket. Officer Grant removed the object, which turned out to be crack cocaine.

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

When asked why Holmes was detained and searched, the officers testified that he was detained because he was on premises subject to a search warrant and was searched because of their general policy to conduct a weapons pat-down search when a warrant is executed. Holmes was not detained or searched because he looked like he had a weapon, and the officers knew nothing about him before the search.

When executing a search warrant, it is illegal to search a person not named in the warrant but found on the premises to be searched, without independent justification for a personal search.[2] The only justifications for such a search include: (1) protecting the executing officer from attack; or (2) preventing the disposal or concealment of items described in the search warrant.[3] The inclusion of language in the warrant authorizing the search of "any persons present" on the premises does not broaden the powers of the searching authorities beyond the limited terms of OCGA § 17-5-28.[4]

To support a search under OCGA § 17-5-28 (1), the officer must be able to articulate specific facts that would support a reasonable belief or suspicion that the person to be searched was armed and dangerous.[5] The officers testified that Holmes was walking away from them and the house as they approached to execute the search warrant, had his hands in his pockets, and did not appear to be armed. Because nothing about Holmes's demeanor would support a reasonable belief or suspicion that he was armed and dangerous, the State cannot justify the search under OCGA § 17-5-28 (1).

The officers' search may be justified under OCGA § 17-5-28 (2) if Holmes had been in a position to assist in the disposal or conceal-ment of the drugs sought by the warrant,[6] or if he had attempted flight from inside the house subject to the warrant.[7] In *Jenkins*, the defendant was standing with the two persons named in the warrant and was in a position to pass drugs from person to person.[8] Holmes, however, was not anywhere near Sharon McClendon, the only person named in the warrant. In addition, Officer Price testified that he did not know Holmes or Major McClendon. It therefore seems unlikely that Holmes was detained and searched because of his proximity to someone the officers knew might attempt to pass him drugs.

Furthermore, Holmes was under constant surveillance from the moment the officers arrived at the premises. He thus could not have

---

[2] *Bundy v. State*, 168 Ga. App. 90 (308 SE2d 213) (1983).

[3] OCGA § 17-5-28; *Wyatt v. State*, 151 Ga. App. 207, 209 (1) (259 SE2d 199) (1979).

[4] *Wallace v. State*, 131 Ga. App. 204, 205 (1) (205 SE2d 523) (1974).

[5] *Bundy*, supra at 91.

[6] *Jenkins v. State*, 184 Ga. App. 844, 846 (363 SE2d 35) (1987).

[7] *Ledford v. State*, 233 Ga. App. 445, 446-447 (1) (504 SE2d 512) (1998); *Travis v. State*, 192 Ga. App. 695, 696 (385 SE2d 779) (1989).

[8] *Jenkins*, supra.

concealed or disposed of any drugs from the premises without their knowledge.[9] With the exception of the State's claim that Holmes was attempting flight from the premises (discussed below), the officers do not claim that Holmes did anything that led them to believe he was trying to conceal or dispose of drugs.

"A search warrant to search designated premises will not authorize the search of every individual who happens to be on the premises."[10] In *Willis*, the court upheld a search under a similar warrant where the defendant was found in the same room with the persons named in the warrant in a position where drugs could have been passed easily from person to person. The *Willis* court recognized, however, that the search would not have been justified if the defendant had been in another part of the house.[11] Applying *Willis*, the search of Holmes was not justified because he was outside the house to be searched and was not close to the person named in the warrant.

The State relies upon *Ledford*[12] and *Travis*[13] where the searches were justified because the defendant was inside the house to be searched and attempted to escape when the officers began executing the warrant. But Holmes was never seen inside the house to be searched and merely tried to walk away when the officers ran toward the house. The only evidence of attempted flight is Officer Price's testimony that Holmes began to run as Officer Price shouted at him and reached out to grab him. This evidence conflicts with the other officers' testimony that Holmes tried to walk, not run, from the house as the officers approached. Construing the evidence in favor of the trial court's order, we find that Holmes's behavior did not justify a search under OCGA § 17-5-28 (2).

Because the officers lacked independent justification to search Holmes, we hold the State's search was illegal. We therefore affirm the trial court's order granting the motion to suppress.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 12, 1999.

---

[9] See *Wallace*, supra (OCGA § 17-5-28 (2) was factually inapplicable where defendant arrived at scene during search and was under constant surveillance from time he entered apartment).

[10] *Willis v. State*, 122 Ga. App. 455, 459 (177 SE2d 487) (1970).

[11] Id.

[12] Supra.

[13] Supra.

*J. Gray Conger*, District Attorney, *Patrick B. Moore*, Assistant District Attorney, for appellant.

*Michael E. Garner*, for appellee.